## SOMERS COAL CO. v. UNITED STATES.

### No. 19179.

District Court, N. D. Ohio, E. D.

July 6, 1942.

Baker, Hostetler, Sidlo & Patterson, A. C. Denison, and Olive Payne Deering, all of Cleveland, Ohio, for plaintiff.

E. B. Freed, U. S. Atty., of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

After the filing of the opinion overruling the motion for summary judgment and sustaining the motion to dismiss, counsel for defendant submitted findings of fact and conclusions of law, and counsel for plaintiff filed objections to defendant's proposed findings of fact and conclusions of law and submitted substitutes. The court declines to approve either set of proposed findings and declines to make findings of fact. Since the case was submitted upon the motions, pleadings, and stipulation of

facts, it cannot be said that the case was "tried upon the facts", and the requirements of Rule 52, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, therefore do not apply. A case cannot be tried upon the facts if there is no dispute as to facts. The facts in this case were admitted by the motions and supplemented by the stipulation. There need be no finding of facts where facts are not in issue.

The court's opinion set forth the principles of law upon which its decision was based. Rule 52(a) can no more be construed to require conclusions of law than findings of fact, in a case like this. Since, however, counsel were in substantial agreement as to the conclusions of law, the court made a slight change in Conclusion No. 1 in accordance with the suggestion of counsel for plaintiff, and then approved the conclusions of law for whatever they may be worth. There was no disagreement of counsel regarding the order of dismissal; so that has also been approved.

This court's interpretation of Rule 52 (a) seems to have been adopted by other courts in similar cases. Thomas et al. v. Peyser et al., 73 App.D.C. 155, 118 F.2d 369; Lucking v. Delano, 74 App.D.C. 134, 122 F.2d 21; Prudential Ins. Co. of America v. Goldstein, D.C., 43 F.Supp. 767; National Broadcasting Co. v. United States, D.C., 44 F.Supp. 688.