**MITCHELL v. CARBORUNDUM CO. et al.**

Civil Action No. 3230.

District Court, W. D. New York.

Oct. 24, 1947.

William R. Lupton, of Niagara Falls, N. Y. (Warner F. Thompson, of Lockport, N. Y., of counsel), for plaintiff.

Franchot, Runals, Cohen, Taylor & Mallam, of Niagara Falls, N. Y. (Clarence R. Runals and Thomas R. Mathias, both of Niagara Falls, N. Y., of counsel), for defendant Carborundum Co.

KNIGHT, District Judge.

On September 11, 1947, an ex parte motion was made to this court for an order permitting the plaintiff to amend its complaint. The motion was granted and an order entered thereon. No notice of such motion was given the defendant, Carborundum Company, or its attorneys. No pleading has been served by that defendant. Within 20 days after the service of the complaint, the attorneys for the plaintiff and said defendant entered into a written stipulation extending the time to 15 days in which that defendant might answer, make a motion directed to the pleading or pursue another course as advised. This stipulation was signed by the attorney for the plaintiff, and by the attorneys appearing on this motion as attorneys for the defendant, Carborundum Company. The order issued on the stipulation recites: "Upon reading and filing the annexed Stipulation * * * executed by the attorney for the Plaintiff above named and the attorneys for the defendant, The Carborundum Company, and on motion of Franchot Runals Cohen Taylor & Mallam, attorneys for the defendant The Carborundum Company, it is ordered, * * *." Similar stipulations were made and orders thereon entered from time to time after the one herein-before mentioned, and the time in which the defendant, Carborundum Company, is entitled to the rights as under the first stipulation, are yet extended to November 27, 1947.

It is believed that these stipulations and orders are sufficient as a notice of appearance for the defendant, Carborundum Company. Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 139 F.2d 871; Hupfeld v. Automaton Piano Co., C.C., 66 F. 788; and Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518. In support of our view we call attention to the decisions in numerous cases cited in Feldman Inv. Co. v. Connecticut General Life Ins. Co., 10 Cir., 78 F.2d 838. Plaintiff cites Carmody's New York Practice and Wait's New York Practice. The Federal rules control.

Rule 15 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that "A party may

amend his pleading once as a matter of course at any time before a responsive pleading is served * * *." No responsive pleading has yet been served by the defendant, Carborundum Company. Where additional parties are sought to be brought in, as here, the motion must be made under Rule 21. The language of this latter rule clearly implies that notice be given the opposite party who has appeared. As pointed out in Curacao Trading Co. v. Federal Ins. Co., D.C., 2 F.R.D. 265, 266, affirmed 2 Cir., 137 F.2d 911: "The rule permits the addition of parties by order of the court 'on such terms as are just'. * * * Had plaintiff proceeded under Rule 21, surely Federal would have standing to object to its application * * *. No such incongruous result can derive from the Federal Rules of Civil Procedure." Assuming the appearance sufficient, Rule 21 has not been complied with. See also: Adams v. Bell Aircraft Corporation, 7 F.R.D. 48, decided by this court.

Defendant's motion to vacate and set aside the order of this court entered herein on September 11, 1947, is granted.