Mamie ZACKERY, Appellant,

v.

MUTUAL SECURITY SAVINGS AND LOAN ASSOCIATION, Inc. (WAYNE IN-VESTMENT CORPORATION), Appellee.

No. 3554.

District of Columbia Court of Appeals.

Argued Oct. 26, 1964.

Decided Jan. 26, 1965.

Albert A. Rapoport, Washington, D. C., for appellant.

R. Harrison Pledger, Jr., Washington, D. C., with whom Charles E. Pledger, Jr., Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

On March 12, 1964, appellant, Mamie Zackery, filed a complaint seeking damages for personal injuries which she sustained on March 16, 1961, in an apartment building owned and operated by Wayne Investment Corporation, a wholly owned subsidiary of Mutual Security Savings and Loan Association, Inc. The complaint designated "Charles A. Docter, Trustee in Bankruptcy, Mutual Security Savings & Loan Association" as the sole defendant and demanded judgment against Docter in his capacity as trustee.[1] After he was personally served with copies of the summons and complaint, Docter moved to dismiss on the grounds that leave of the Maryland Bankruptcy Court was necessary to file suit against the trustee and that the claim was not in any event provable in the bankruptcy proceedings. On May 26, 1964, after the statute of limitations[2] had run to bar appellant's action, she filed an Opposition to the Motion to Dismiss and at the same time filed an amended complaint designating "Mutual

1. Charles A. Docter was appointed Trustee for the Mutual Savings and Loan Association, Inc., bankrupt, on June 15, 1962, in the Federal District Court for Maryland, as certified by the Referee in Bankruptcy.

2. District of Columbia Code 1961, § 12-301(8) (Supp. III 1964).

Security Savings and Loan Association, Inc. (Wayne Investment Corporation)" as the defendant.[3] Docter was not named in that complaint, but having been personally served, again in his capactiy as trustee, he moved to dismiss the amended complaint on the grounds that leave of the trial court was not obtained before amending and that an additional party (Mutual Security Savings and Loan Association, Inc.) was added upon which personal service was required. After argument, the trial judge dismissed the cause of action, and this appeal ensued.

 As appellant failed to seek leave of the trial court before filing her amended complaint, the question presented is whether that complaint, instead of merely correcting a misnomer in the original complaint, dropped one defendant and added another. Under Rule 15(a) of the Rules of the District of Columbia Court of General Sessions, a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served.[4] An amendment to a complaint, however, which adds or drops a party requires an order of the trial court, as specified in Rule 21 of the same rules, regardless of whether it precedes or follows the first responsive pleading of any defendant. Pacific Gas & Electric Co. v. Fibreboard Products, 116 F.Supp. 377, 382 (N.D.Cal.1953).[5] Rule 15 (a) refers in general terms to changes in the pleadings by amendment, while Rule 21 refers specifically to changes brought about by adding or dropping parties. "Any conflict or ambiguity which results from a comparison of the two rules must be resolved in favor of the specific and against the general. Thus, when a proposed amendment to a complaint seeks to effect a change in the parties to the action, Rule 21 * * * controls, and, to that extent, limits Rule 15(a) * * *." Id. at 382–383.

 We think it clear that the amended complaint before us effected a change in the parties defendant. The original complaint embraced only the trustee in bankruptcy for the Mutual Security Savings and Loan Association, Inc., while the amended complaint was brought and sought judgment against the bankrupt corporation. Since the trustee in bankruptcy and the bankrupt have distinct legal personalities, complaint against and personal service upon the trustee do not bring the bankrupt before the trial court. Appellant was dropping one defendant, Charles A. Docter, Trustee, and adding another, Mutual Security Savings and Loan Association, Inc., and should, accordingly, have sought judicial leave to make the amendment. It is apparent, therefore, that the amended complaint was not properly filed and dismissal of the cause of action was not error.

Affirmed.

---

3. Although Wayne Investment Corporation, the subsidiary, was parenthetically designated in the caption as defendant and appellant directed that copies of the summons and amended complaint be served upon certain agents of Wayne Investment Corporation, we conclude, after considering the body of the amended complaint, that this complaint embraced only the parent, Mutual Security Savings and Loan Association, Inc.

4. Appellee concedes, and properly so, that the trustees' motion to dismiss is not such a responsive pleading as contemplated by the rule.

5. See also, International Brotherhood of Teamsters, etc. v. AFL–CIO, 32 F.R.D. 441 (E.D.Mich.1963).