HELEN M. RASH and ARTHUR T. RASH, Plaintiffs Below, Appellants, v. C. & M. CORPORATION a Delaware corporation, Alfred J. Vilone, Jr., Inc., a Delaware corporation, C. F. Hill Carpentry Co., a Delaware corporation, and Charles F. Hill, Defendants Below, Appellees, v. C F. HILL CARPENTRY CO., a Delaware corporation and Charles F. Hill, Third-Party Defendants Below, Appellees.

(*April* 5, 1966)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Robert C. O'Hora* and *John P. Daley,* Wilmington, for plaintiffs below, appellants.

*Clement C. Wood,* of Allmond & Wood, Wilmington, for C. F. Hill Carpentry Co. and Charles F. Hill, defendants below, appellees.

Supreme Court of the State of Delaware, No. 91, 1965.

HERRMANN, Justice.

This case involves procedure under Rule 21[1] of the Civil Rules of the Superior Court, *Del. C.*

Plaintiff Helen M. Rash fell over a wire in her yard on September 28, 1962. She and her husband sued C. & M. Corporation, a Delaware corporation (hereinafter "C. & M."), and Alfred J. Vilone, Jr., Inc., a Delaware corporation (hereinafter "Vilone"), charging negligence in placement of the wire. Vilone entered an appearance and defended, but C. & M. failed to appear.

On September 25, 1964, three days before the end of the two-year period of limitations (10 *Del. C.* Sec. 8118), the plaintiffs, with the written consent of Vilone, filed an amended complaint intended to add as parties defendant C. F. Hill Carpentry Co., a Delaware corporation, and Charles F. Hill (hereinafter "Hill defendants"). With the amended complaint, plaintiffs filed a written request to the Prothonotary and the Sheriff for the issuance of summons and service thereof upon the Hill defendants with copies of the complaint as amended. An order of court was not sought because the plaintiffs deemed their action to be governed by Rule 15[2] under the provisions of which, as they read them, leave of court was not required for the action they sought to take, Vilone, the "adverse party," having consented.[3] On October 5, 1964, service of process and

---

[1] Rule 21 governs the adding of parties by order of court and provides:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

[2] Rule 15 permits amendments to complaints without order of court under certain circumstances, providing in part:

"(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

[3] It is noteworthy that others have expressed doubt and difference of opinion in this connection. See 1A Barron and Holtzoff, Federal Practice and Procedure, Sec. 443, 1965 Pocket Part, p. 111; compare *Messelt v. Security Storage Co.* (D.Del., 1953) 14 F.R.D. 507.

of copies of the amended complaint was made upon the Hill defendants. Thereafter, they filed a motion for summary judgment on the ground that the attempt to join them under Rule 15 was a nullity because, under Rule 21 which controlled the situation, the plaintiffs could not amend their complaint to add new parties defendant without an order of court; that since such order was not obtained before September 28, 1964, the last day of the period of limitations governing the plaintiffs' claim, the action was barred as to them. The Superior Court agreed with the Hill defendants and granted summary judgment in their favor. The plaintiffs appeal.

The plaintiffs concede that they should have proceeded under Rule 21 which specifically governs the addition of parties, rather than Rule 15 which governs amendments generally. They acknowledge the prevailing view that conflict or ambiguity between the two Rules must be resolved against the general and in favor of the specific. 2 Barron and Holtzoff, Federal Practice and Procedure, Sec. 543; *International Bro. of Teamsters, etc. v. American Federation of Labor,* (E.D. Mich., 1963) 32 F.R.D. 441.

The question remains, however, whether the Hill defendants have standing to complain of non-compliance with the order-of-court requirement of Rule 21. For the answer we look to the purposes and functions of the Rule.

One of the purposes of the order-of-court requirement of Rule 21 of the Federal Rules of Civil Procedure, from which we took our Rule 21, was to enable the Court to prevent a party from arbitrarily ousting the Court of its federal diversity jurisdiction by an addition of parties which would have that effect. 3 Moore's Federal Practice (2d Ed.), Sec. 21.04; *Pacific Gas & Electric Co. v. Fibreboard Products, Inc.,* (N.D. Calif., 1953) 116 F.Supp. 377. That purpose, of course, was not carried over in our adoption of the Rule.

The other purpose underlying the order-of-court requirement, however, remains important in our State practice as in the Federal practice: to protect existing parties and the court from the disruption

and delay in the proceedings which might be caused by an untimely introduction of new parties into the case. Obviously, the orderly administration of cases requires court control and the opportunity of existing parties to be heard as to the effect upon the course of the proceedings of the injection of new parties. See *Mullaney v. Anderson,* 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458 (1952).

But none of these considerations involves the party to be added. Indeed, while notice of an application for an order of court under Rule 21 should be given to existing parties, notice is not required to be given to the proposed new party. 3 Moore's Federal Practice (2d Ed.), Sec. 21.05. It is clear, therefore, that the order-of-court requirement of Rule 21 was not provided for the benefit of those in the position of the Hill defendants. Since it appears, that at the time of the initiation of the proceedings to add them as parties defendant, the Hill defendants had no right to be noticed and heard under Rule 21, they may not be heard to complain now of a defect in the proceedings purely technical as to them.

The general principles governing limitations of action do not require a different conclusion. As the appellees point out, courts may not extend statutes of limitations out of notions of fair play. But the conclusion we reach does not extend the Statute. Unquestionably, the plaintiffs may have instituted a new and separate action against the Hill defendants on September 25, 1964, the date on which they proceeded under Rule 15; and unquestionably, the filing of such new action would have tolled the Statute of Limitations. Indeed, except for the failure to make a deposit for costs and for certain nomenclature on the papers, the proceedings initiated by the plaintiffs on September 25, 1964 may be deemed equivalent to the filing of a new suit. The question of costs and labels aside, the plaintiffs proceeded in the cause against the Hill defendants before the expiration of the period of limitations; and the Hill defendants were served with process and copy of the amended complaint within a few days thereafter. It is unlikely that they would have been served earlier in a separate action filed on September 25. Thus, there was no greater "staleness" in the claim against them than there would have been if the plaintiffs had chosen to

file a separate action. The appellees rely, in this connection, upon *Messelt v. Security Storage Co.,* (D.C. Del., 1953) 14 F.R.D. 507; *Martz v. Miller Brothers Company,* (D.C. Del., 1965) 244 F.Supp. 246; *Kerner v. Rackmill,* (D.C.M.D. Pa., 1953) 111 F.Supp. 150; *Lomax v. United States,* (D.C.E.D. Pa., 1957) 155 F.Supp. 354. Those cases are inapposite because, in each, the Statute of Limitations had run before any action was initiated in the proceedings to add or substitute new parties. The appellees also rely upon *Grummitt v. Sturgeon Bay Winter Sports Club,* (D.C.E.D. Wis., 1961) 197 F.Supp 455, aff'd. 7 Cir., 304 F.2d 93, which involved a distinctive Statute of Limitations having special procedural provisions. Insofar as that case is contrary to the conclusion we reach herein, we find it unpersuasive.

Rule 1 requires the "just, speedy and inexpensive determination of every proceeding." Rule 21 was adopted to avoid the harsh results of the common law. 3 Moore's Federal Practice (2d Ed.), Sec. 21.04. It should not be construed technically to create a different kind of harsh result.

We hold that the plaintiffs should have their day in court against the Hill defendants. Accordingly, the summary judgment entered below must be reversed.