ALFRED H. BRITZ AND LOUIS MARDER, APPELLANTS,
v. CONSOLIDATED CASINOS CORP., A NEVADA
CORPORATION, RESPONDENT.

No. 6349

September 15, 1971                         488 P.2d 911

*Calvin C. Magleby,* of Las Vegas, for Appellants.

*Lionel Sawyer Collins and Wartman,* and *Steve Morris,* of
Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

Action was commenced in the district court by the respondent to collect a debt of $100,000, as well as for compensatory

and punitive damages against the appellants in the amount of $350,000, charging a conspiracy by the appellants to defraud the respondent.

On December 23, 1969, the trial court found a conspiracy on the part of the appellants and entered a default judgment awarding the respondent compensatory damages in the sum of $100,000, and punitive damages in the amount of $30,000.

On January 7, 1970, seeking relief within NRCP 60(b), the appellants filed a motion asking the trial court to set aside the default judgment on grounds of mistake, inadvertence, surprise or excusable neglect. Along with this motion they filed a proposed answer and an affidavit by the appellant, Alfred H. Britz. A hearing was held and the motion was denied. From that denial this appeal is taken.

The litigation arose after two checks, each in the amount of $50,000, signed by the appellants as officers of Westward Investment Corporation, were cashed at the respondent's Sahara Hotel in Las Vegas, Nevada. Payment was stopped on one check and the other was returned to the respondent because of insufficient funds.

The check dated June 27, 1969, was made payable to James Morse. Testimony at the hearing on the motion indicated that Morse was to retain the check until such time as he had purchased stock in Delta Corporation, that stock had been resold, and sufficient funds had been placed in the Westward Investment Corporation account to cover the check. Instead of holding the check, Morse took it to the Sahara Hotel and cashed it at the cashier's window. The appellant Britz claimed that the Delta stock purchased by Mr. Morse was not transferable and payment on the check was stopped.

The other check, dated July 29, 1969, was made payable to cash. The legend on the check read "Shield Industries." Upon the request of appellants, the check was taken to the Sahara Hotel and cashed by a Mr. Topel, who was deceased at the time of the hearing on the motion. The appellants had made prior arrangements with the casino cashier to cash checks in large amounts. The funds from this check were taken to California and invested in stock of Shield Industries. At the time this second check was cashed there were insufficient funds in the Westward Investment Corporation account to cover it. No effort to redeem these checks was ever made. As a result of this $50,000 investment, Westward Investment Corporation gained 58 percent ownership of Shield Industries.

In a reverse merger, Westward Investment Corporation (along with the 58 percent interest in Shield Industries) merged

with Spectrum, Limited, and each appellant received stock in Spectrum. Westward Investment Corporation is now in dissolution and its assets have been transferred to Spectrum, Limited.

The appellants contend that the district court abused its discretion when it denied their motion to set aside the default judgment because they had demonstrated mistake, inadvertence, surprise or excusable neglect as well as a meritorious defense to the respondent's complaint. They further contend that the judgment is void and that the district court erroneously admitted into evidence unsigned self-serving documents.

The appellants in their motion only claimed that the default judgment was taken against them through their mistake, inadvertence, surprise or excusable neglect. In Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 154, 380 P.2d 293, 295 (1963), this court considered the preexisting case law on the question of setting aside default judgments and set forth certain requirements which must be met before such a judgment may be set aside: "(1) The showing required by NRCP 60(b)(1), formerly NCL 8640, of mistake, inadvertence, surprise, or excusable neglect, singly, or in combination, must, of course, be made[,]" and "(2) The showing required by case precedent that a 'meritorious defense' exist to the claim for relief asserted, also must be made." The appellants contend that through the affidavit and testimony of the appellant, Alfred H. Britz, they showed mistake, inadvertence, surprise and excusable neglect. Britz testified that he had a conversation on December 20, 1969, with the respondent's attorney, Stephen L. Morris, and at that time he advised Morris that an arrangement was made for settlement with Westward Investment Corporation and that in fact $30,500 had been paid to the respondent in part settlement. Britz also claimed that he was advised by Morris that he need not answer the complaint or be concerned about being present for the taking of his deposition which had previously been noticed and that in the event any problems arose Morris would notify him before any action was taken. The affidavit and testimony of Britz was directly controverted by the testimony of Morris. The trial judge chose to believe Morris.

An examination of the testimony of Morris and the exhibits in evidence shows that the appellants were not entitled to relief under NRCP 60(b)(1). The trial court had the witnesses directly before it and was able to consider not only their testimony, but also their demeanor. When there is substantial conflict in evidence, and sufficient evidence to support a finding for either party, the decision of the trial court must be sustained on

appeal. Friendly v. Larsen, 62 Nev. 135, 144 P.2d 747 (1944); Nevada Bank of Commerce v. Esquire Real Estate, Inc., 86 Nev. 238, 468 P.2d 22 (1970); Lazovich and Lazovich, Inc. v. Harding, 86 Nev. 434, 470 P.2d 125 (1970).

During the course of the hearing the trial judge became concerned that respondent's counsel was asking questions on cross-examination beyond the realm of materiality and requested a statement from him explaining what bearing his line of questioning had on the motion. Respondent's counsel, in his statement, touched upon the merits of the case and it was to some extent conclusory. The appellants claim that the statement was highly improper, decidedly prejudicial, scandalous and that it unquestionably influenced the court. They have cited no authority to support their claim of error. We find their contention to be without merit. Riverside Casino v. J. W. Brewer Co., 80 Nev. 153, 390 P.2d 232 (1964).

The appellants also contend that they were unduly prejudiced when the trial court admitted into evidence a proposed stipulation which had been signed by Stephen L. Morris and mailed to George E. Graziadei, an attorney who was the resident agent for Westward Investment Corporation and who had been in communication with the appellants regarding this litigation. Because it was only signed by the sender, Stephen L. Morris, it merely expressed the terms upon which he would be willing to extend time for taking the deposition of Alfred H. Britz and for the defendants to file an answer. The contents of the proposed stipulation as evidence was in the same category as a letter. It expressed the intent of the sender and became notice to the recipient. At most the proposed stipulation was cumulative evidence. Again the appellants have cited no authority to support their contention that the trial court erred when it received the proposed stipulation into evidence. We also find this contention to be without merit. Riverside Casino v. J. W. Brewer Co., supra.

Having concluded that the trial court was justified in deciding that the appellants had failed to make a showing of mistake, inadvertence, surprise or excusable neglect, we need not consider whether they had a meritorious defense.

Although we favor adjudication of cases upon their merits, the trial judge is free to judiciously and reasonably exercise discretion in determining whether a default judgment should be set aside. "A court has wide discretion in determining what

neglect is excusable and what is inexcusable." Cicerchia v. Cicerchia, 77 Nev. 158, 161, 360 P.2d 839, 841 (1961). In Minton v. Roliff, 86 Nev. 478, 480, 471 P.2d 209, 210 (1970), this court said: "We have repeatedly held that a trial court's exercise of discretion in granting or denying a motion to set aside a default judgment will not be disturbed on appeal absent an abuse of discretion. E.g., Lentz v. Boles, 84 Nev. 197, 438 P.2d 254 (1968); Hotel Last Frontier Corp. v. Frontier Properties, Inc., 79 Nev. 150, 380 P.2d 293 (1963); Blakeney v. Fremont Hotel, Inc., 77 Nev. 191, 360 P.2d 1039 (1961)."

In Lentz v. Boles, supra, at 200, it was said: "We wish not to be understood, however, that this judicial tendency to grant relief from a default judgment implies that the trial court should always grant relief from a default judgment. Litigants and their counsel may not properly be allowed to disregard process or procedural rules with impunity. Lack of good faith or diligence, or lack of merit in the proposed defense, may very well warrant a denial of the motion for relief from the judgment."

Here the appellants have failed to carry their burden of showing mistake, inadvertence, surprise, or excusable neglect, either singly or in combination. "The burden of proof on such a motion is on the moving party who must establish his position by a preponderance of the evidence." Luz v. Lopes, 358 P.2d 289, 294 (Cal. 1960).

The appellants also urge on appeal that the default judgment as entered is void for the reasons that: (1) the second claim in the complaint is defective on its face because the alleged fraud was not stated with sufficient particularity as required by NRCP 9(b);[1] (2) the trial court failed to make separate findings of fact and conclusions of law as required by NRCP 52(a);[2] and (3) the evidence was incompetent and immaterial and did not support the judgment. These contentions were not urged in their motion to set aside the default judgment

[1]NRCP 9(b): "Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

[2]NRCP 52(a): "Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be

nor were they ever presented to the trial court. A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal. Parks Et Al. v. Garrison, 57 Nev. 480, 67 P.2d 314 (1937); Agricultural Ins. Co. v. Biltz, 57 Nev. 370, 64 P.2d 1042 (1937); Harper v. Lichtenberger, 59 Nev. 495, 92 P.2d 719 (1939). None of the appellants' claims go to the jurisdiction of the trial court.

Even if the respondent did not strictly comply with NRCP 9(b), the appellants' failure to timely raise the issue waives the requirement. See Poe v. La Metropolitana Co., 76 Nev. 306, 353 P.2d 454 (1960); cf. Southern Pac. Co. v. Libbey, 199 F.2d 341 (9th Cir. 1952). In any event, failure of a plaintiff to comply with NRCP 9(b) does not *ipso facto* divest a trial court of jurisdiction, but only subjects the complaint to a motion for a more definite statement, or at the very worst to dismissal with leave to amend. Sax v. Sax, 294 F.2d 133 (5th Cir. 1961). As for the appellants' contention that the trial court failed to make separate findings of fact and conclusions of law in compliance with NRCP 52(a) before entry of judgment, it is obvious that they have overlooked the fact that these requirements apply only to those actions "tried upon the facts." A case submitted for judgment under NRCP 55(b)(2) is not "tried upon the facts" within the meaning of NRCP 52(a). Here, at the time judgment was entered, the facts were not in issue and no finding of fact and conclusion of law was required. Cf. Somers Coal Co. v. United States, 2 F.R.D. 532 (N.D. Ohio 1942). The appellants' other contention that the judgment was void because the evidence supporting it was incompetent and immaterial is entirely without merit.

Finding no abuse of discretion, the order of the district court is affirmed.

ZENOFF, C. J., THOMPSON and GUNDERSON, JJ., and YOUNG, D. J., concur.

---

given to the opportunity of the trial court to judge the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law specifically appear as such therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion."