BILL LEE CUMMINGS AND NINA CUMMINGS, DBA B & N PHARMACY, APPELLANTS, v. CITY OF LAS VEGAS MUNICIPAL CORPORATION, RESPONDENT.

No. 6710

August 3, 1972                    499 P.2d 650

*David Abbatangelo,* of Las Vegas, for Appellants.

*Earl P. Gripentrog,* City Attorney, and *Joan D. Buckley,* Deputy City Attorney, of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

In November of 1969, appellants filed an application for a business license to operate a pharmacy in Las Vegas. The license fees were paid and they proceeded to operate the pharmacy although a business license was never issued to them. The record is not clear, but apparently the license had not been issued because the appellants had failed to satisfy the requirements for obtaining a tobacco license. Some 18 months later they were notified by respondent's agent that they would be arrested if they continued to operate without a license. If, as they contend, they believed that they were entitled to a license, they took no steps whatsoever to force the respondent to issue one, but instead voluntarily closed the pharmacy.

On June 17, 1971, appellants filed a complaint for injunction seeking to have the respondent enjoined from arresting them for operating their business without a license. The respondent filed an answer and a motion to dismiss. The motion to dismiss was granted upon the ground that appellants had failed to exhaust their administrative remedies. This appeal follows.

The appellants alleged in their complaint that they had not received a business license and that they were therefore operating their pharmacy without a license. Title V, Ch. 1, § 1 of the Las Vegas City Code, which was admitted into evidence, renders such operation unlawful. The record further disclosed that the appellants were never denied a business license, but failed to comply with all the licensing requirements, and therefore no final decision on the license was ever made.

Appellants contend that the motion to dismiss, having been filed on the same day and a few minutes after the answer, was untimely and should have been disregarded by the trial court. If a motion to dismiss for failure to state a claim upon which relief can be granted has been filed, and matters outside the pleadings are presented to and not excluded by the trial court, the motion shall be treated as a motion for summary judgment. NRCP 12(b); Paso Builders, Inc. v. Hebard, 83 Nev. 165, 426 P.2d 731 (1967); Kellar v. Snowden, 87 Nev. 488, 489 P.2d 90 (1971). Here the trial court did not expressly exclude matters outside the pleadings from consideration (NRCP 12(b)), and it ordered and adjudged that the motion to dismiss be granted. A defendant may move for summary judgment at any time. NRCP 56(b).

The constitutionality of the licensing ordinance was never raised by the appellants in the district court. Rather, they alleged in general terms that they were being deprived of their property and civil rights without due process of law, that they had been threatened with arrest and as a consequence were forced to close their unlicensed place of business.

Legislative enactments are entitled to all presumptions in favor of validity. Ormsby County v. Kearney, 37 Nev. 314, 142 P. 803 (1914). Likewise, courts will construe statutes and ordinances so as to give them effect rather than nullify them. Carson City v. Red Arrow Garage, 47 Nev. 473, 225 P. 487 (1924). Here, there is nothing in the record to cloud the validity of the licensing ordinance. Even if a prosecution is based

on an invalid ordinance, that does not in itself justify the intervention of a court of equity. Equity will not intervene for the purpose of restraining the judicial enforcement of a penal city ordinance although the licensing act is alleged to be invalid, because such invalidity may be interposed as a defense to the prosecution. An exception to this rule exists when an injunction is necessary to protect a party from arrest or criminal prosecution under an unconstitutional statute or ordinance, but the exception is only invoked to avoid a multiplicity of suits or in the event it is plainly evident that there is no adequate remedy at law. City of Amarillo v. Griggs Southwest Mortuary, Inc., 406 S.W.2d 230 (Tex.Civ.App. 1966); Spur Distributing Co. v. Mayor And Council, 11 S.W.2d 30 (Ga. 1940); see Annot., 167 ALR 915; 42 Am.Jur.2d, Injunctions § 246.

There is nothing in this record to bring the appellants within the exception to the rule. They have introduced no evidence to show that they will suffer irreparable injury or that their property rights will be invaded by the enforcement of the licensing ordinance, nor have they shown that there will follow a multiplicity of suits. Furthermore, they have not evidenced any fraudulent use or abuse of legal process by the respondent. Mere inconvenience and expense or apprehension of injury to property rights will not invoke equity jurisdiction. Spur Distributing Co. v. Mayor And Council, supra.

Through their request for an order enjoining the city from arresting them for operating a business without a license, the appellants were attempting to bypass the proper administrative and judicial processes. This was recognized by the trial court when it found that they had not exhausted their administrative remedies and were not entitled to relief because they had available to them an adequate remedy at law.

Appellants have also attempted to raise, for the first time on appeal, several other assignments of error. We decline to consider them. Britz v. Consolidated Casinos Corp., 87 Nev. 441, 488 P.2d 911 (1971).

Affirmed.

ZENOFF, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.