CHARLES KNIGHT AND PATRICIA KNIGHT, APPEL-
LANTS, *v.* WITCO CHEMICAL COMPANY, INC., A
CORPORATION; GOLDEN BEAR OIL COMPANY,
A CORPORATION, A DIVISION OF WITCO CHEMICAL
CO., INC.; SHELL OIL COMPANY, A CORPORATION;
ASPHALT SERVICE COMPANY, A CORPORATION;
TELFER TANK LINES, INC., A CORPORATION; JAMES
H. CLAYTON AND WILLIAM CANESSA, RESPOND-
ENTS.

No. 6849

December 31, 1973                    517 P.2d 792

*Echeverria and Osborne, Chartered,* of Reno, for Appel-
lants.

*Goldwater, Hill, Mortimer & Sourwine,* of Reno, for
Respondents Asphalt Service Company and Telfer Tank Lines,
Inc.

*Hibbs & Bullis, Ltd.,* of Reno, for Respondent Shell Oil Co.

*Hardy, Erich & Brown,* of Sacramento, California, and
*Paul H. Lamboley,* of Reno, for Respondents Witco Chemical
Company, Inc., Golden Bear Oil Company, James H. Clayton,
and William Canessa.

## OPINION

*Per Curiam:*

The appellants, plaintiffs below, have appealed a judgment denying leave to substitute some thirteen causes of action against respondents, in place of "names" of non-existent persons and entities alluded to generally in appellant's original complaint and in their first Amended Complaint, i.e.: "JOHN DOES I–V, Individuals; BLACK & WHITE CORPORATIONS I–V, Corporations; and ABLE AND BAKER COMPANIES I–V, Co-Partnerships."[1] The district court believed that the statute of limitations applicable to personal injury actions, which appellants concede would bar an independent suit against respondents, also precluded the requested amendment.

Appellants contend the district court acted erroneously because NRCP 10(a), unlike the comparable federal rule, provides: ". . . A party whose name is not known may be designated by any name, and when his true name is discovered, the pleading may be amended accordingly." However, we think the court was warranted in determining that appellants' prior pleadings did not toll the statute of limitations, even under our version of the rule, because the record reflects no intent whatever to name respondents or anyone like them party defendants, either on the theories later proffered in appellants' proposed Second Amended Complaint or at all. Cf. Servatius v. United Resort Hotels, 85 Nev. 371, 455 P.2d 621 (1969); Tehansky v. Wilson, 83 Nev. 263, 428 P.2d 375 (1967).

Affirmed.

---

[1]Although it did not finally dispose of the action, this ruling was appealable because the district court made an express determination that there was no just reason for delay, and expressly directed the entry of judgment. NRCP 54(b).