## DENNIS HILL, Appellant, v. SUMMA CORPORATION, a Delaware Corporation, Respondent.

No. 7319

February 6, 1974          518 P.2d 1094

*Beko & Knight,* of Tonopah, for Appellant.

*Morse, Foley and Wadsworth,* and *Roland S. Ericsson,* of Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Appellant Hill, one of several defendants in an action respondent Summa Corporation commenced in Clark County, has appealed an order denying his motion to change venue to Nye County, where he resides.[1] We affirm the district court.

In addition to designating appellant Hill and several others as defendants under their actual names, the complaint by which

---

[1]The order is appealable. NRAP 3A(b)(2).

respondent Summa Corporation commenced its action also designated a number of "John Doe" defendants by fictitious names, as permitted by NRCP 10(a).[2] Thereafter, since no named defendant lived in Clark County, appellant demanded a change of venue to Nye County, and filed a motion invoking NRS 13.040.[3] Later the same day, respondent filed a "First Amended Complaint," substituting the name of a Clark County resident for a "John Doe" designation. Respondent's counsel did not first seek leave of court, apparently relying on NRCP 15(a).[4] Later, when appellant's motion was heard, the district court denied it, on the ground that one of the defendants was a Clark County resident.

Appellant challenges the district court's ruling, contending that respondent's new pleading involved more than a mere "amendment" of the kind NRCP 15(a) permits "once as a matter of course at any time before a responsive pleading is served." Rather, appellant contends, respondent actually sought to "add a party," which may only be accomplished on motion pursuant to NRCP 21, and therefore respondent's "First Amended Complaint" was ineffective to defeat appellant's motion for change of venue.[5] We disagree.

Of course, if it cannot be said that a resident of Clark County was properly a defendant, then absent consent or waiver, NRS 13.040 vests the true parties defendant with a right to object to the action proceeding there. See, for example: Stocks v. Stocks, 64 Nev. 431, 183 P.2d 617 (1947); Williams v. Keller, 6 Nev. 141 (1870). On the other hand, in Byers v. Graton, 82 Nev. 92, 94–95, 411 P.2d 480, 481 (1966), this court declared:

"The pertinent words of NRS 13.040 state that 'the action

---

[2]NRCP 10(a) provides:

*"Caption; Names of Parties. . . .* A party whose name is not known may be designated by any name, and when his true name is discovered, the pleading may be amended accordingly."

[3]NRS 13.040 provides:

*"Venue in other cases.* In all other cases [than those concerned in prior sections], the action shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action; . . ."

[4]NRCP 15(a) provides:

*"Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ."

[5]NRCP 21 provides:

". . . Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. . . ."

shall be tried in the county in which the defendants, or any one of them, may reside at the commencement of the action.' That language means that a defendant is not entitled to have the action removed to the county of his residence unless it appears that none of the other defendants are residents of the county where the action is brought."

To support the proposition that NRCP 21 precludes "adding parties" through an amended pleading filed "of course" under NRCP 15(a), appellant cites several decisions, most from federal district courts. See: Rash v. C. & M. Corporation, 218 A.2d 670 (Del. 1966); Zackery v. Mutual Security Savings & Loan Ass'n, 206 A.2d 580 (D.C.App. 1965); International Bro. of Teamsters v. American Fed. of Labor, 32 F.R.D. 441 (E.D.Mich. S.D. 1963); Pacific Gas & Electric Co. v. Fibreboard Products, 116 F.Supp. 377 (N.D. Cal. S.D. 1953); National Maritime Union of America v. Curran, 87 F.Supp. 423 (S.D.N.Y. 1949); Mitchell v. Carborundum Co., 7 F.R.D. 523 (W.D.N.Y. 1947). None are in point; for none concerned a rule like NRCP 10(a), which this court adopted upon recommendation of our Advisory Committee. Here, we need not decide whether the reasoning of such cases is valid. We would have analogous facts only if respondent's counsel had not originally employed the pleading privilege granted by NRCP 10(a).

In our view, when a plaintiff's counsel has properly utilized NRCP 10(a), adequately alleging intended defendants and present uncertainty as to their names, stating the names later in an amended pleading cannot be equated with "adding" totally new parties to the action. Cf. Knight v. Witco Chemical Co., 89 Nev. 586, 517 P.2d 792 (1973). Then, at least, there is no reason an amendment stating the names should be regarded differently under NRCP 15(a) than any other facts counsel may wish to correct or clarify by filing an amended pleading "once as a matter of course." By virtue of NRCP 10(a), the designated but unnamed defendants are already parties in legal contemplation. A subsequent amendment, stating their actual names, therefore relates back to commencement of the action as provided in NRCP 15(c).[6]

We do not wish to suggest that we would here adopt the

---

[6]NRCP 15(c) provides:

*"Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

interpretation of NRCP 21 for which appellant contends, and reverse the district court, had plaintiff's counsel not designated unnamed defendants pursuant to NRCP 10(a). On the facts of this case, that is not so; for the record does not reveal that appellant served notice of his motion on other litigants in the case, who would be affected by a ruling on it. As we said in Maheu v. District Court, 88 Nev. 26, 493 P.2d 709 (1972):

"For a century, our settled law has been that any 'special' motion involving judicial discretion that affects the rights of another, as contrasted to motions 'of course,' must be made on notice even where no rule expressly requires notice to obtain the particular order sought, except only when this requirement is altered to meet extraordinary situations such as those concerned in NRCP 65(b)." 88 Nev. at 34, 493 P.2d at 714; Turner v. Saka, 90 Nev. 54, 518 P.2d 608 (1974).

Moreover, we are not entirely persuaded that it would be useful or appropriate in Nevada to read NRCP 21 as ever limiting the right to "add parties," when an amended pleading is filed "of course . . . before a responsive pleading is served." At least one justification federal courts assign for their view, i.e. that otherwise a plantiff could oust the court's diversity jurisdiction at will, cf. Pacific Gas & Electric Co. v. Fibreboard Products, supra, lacks significance in proceedings neither commenced in nor removed to federal court. As another state court has noted, the purpose of protecting diversity jurisdiction, "of course, was not carried over in our adoption of the Rule [21]." Rash v. C. & M. Corporation, supra, at 672.

From the record on appeal, it does not appear that other contentions concerning the propriety and bona fides of respondent's pleadings were raised in the court below. Hence, we will not consider such matters on appeal. Cummings v. City of Las Vegas Mun. Corp., 88 Nev. 479, 499 P.2d 650 (1972); Britz v. Consolidated Casinos Corp., 87 Nev. 441, 488 P.2d 911 (1971).

Affirmed.

MOWBRAY, BATJER, and ZENOFF, JJ., concur.

THOMPSON, C. J., concurring:

I wish to emphasize that today's opinion does not purport to determine the meaning of Rule 10(a).[1] It assumes the

[1]Rule 10(a) is the successor to NCL 8641 which, in turn, was borrowed from Cal. C.C.P. 474, presumably with the construction given it by the California court. State ex rel. Brennan v. Bowman, 88 Nev. 582, 585, 503 P.2d 454 (1972).

The rule does not refer to a party who is not known. It does refer

applicability of that Rule to the instant matter since the issue of its pertinence was not tendered to the district court. Neither does the opinion foreclose the possible persuasive force of the federal cases therein cited to a case that does not fall within the intendment of Rule 10(a), but does concern the relationship of Rule 15(a) to Rule 21.

to a party whose name is not known. Thus, it appears to embrace the case where the plaintiff has in mind the identity or description of the fictitiously named defendant, but not his true name. Mercantile Trust Co. v. Stockton Terminal & R. Co., 186 P. 1049 (Cal.App. 1919); Day v. Western Loan & Bldg. Co., 108 P.2d 702 (Cal.App. 1940).

The primary purpose of the Rule apparently is to enable the plaintiff to bring suit before it is barred by limitations. Austin v. Massachusetts Bonding & Insurance Co., 364 P.2d 681, 684 (Cal. 1961); cf. Servatius v. United Resort Hotel, 85 Nev. 371, 455 P.2d 621 (1969).

When the case truly is one within Rule 10(a) and the true name of a defendant is *substituted* for the fictitious name, then, and only then, is he to be considered a party to the action from its commencement. The opposite is true when the case does not fall within the intendment of the Rule and the complaint is amended to *add* the true name of a defendant. Stephens v. Berry, 57 Cal.Rptr. 505 (Cal.App. 1967); Lipman v. Bhend, 28 Cal.Rptr 800 (Cal.App. 1963). See also: Herschfelt v. Knowles-Raymond Granite Company, 279 P.2d 104 (Cal.App. 1955), involving a motion to change venue.