**Robert A. CARMOUCHE, Plaintiff,**

**v.**

**BETHLEHEM STEEL CORPORATION, a Delaware Corporation, United States Steel Corporation, a Delaware Corporation, British Steel Corporation, Inc., a New York Corporation, Triangle Steel & Supply Co., a Delaware Corporation and Does II through V, Defendants.**

Civ. No. LV 77–192 RDF.

United States District Court,
D. Nevada.

June 7, 1978.

Steffen & Simmons, Las Vegas, Nev., for plaintiff.

Lionel, Sawyer & Collins, Las Vegas, Nev., for Bethlehem Steel Corp.

### ORDER

ROGER D. FOLEY, Chief Judge.

Defendant Bethlehem Steel moves for summary judgment on the grounds that the suit against it was commenced more than two years following plaintiff's injury and is therefore barred by the statute of limitations.

---

## FACTS

Plaintiff was injured on or about July 10, 1975, in his employment while cutting a steel "I" beam into two "T" beams. On July 8, 1977, plaintiff filed his complaint in state court against various steel companies and Does I through V. Defendant Bethlehem was not named.

On September 12, 1977, after the two-year statute of limitations, NRS 11.-190(4)(e), which this Court holds is applicable, would have run, plaintiff amended his complaint and substituted defendant Bethlehem for Doe I. Thereafter, on October 26, 1977, defendant Bethlehem removed the case to this court.

In defendant Bethlehem's motion for summary judgment, it argues that under FRCP 15(c) the complaint could not be amended because the criteria set forth under this section has not been met. FRCP 15(c) reads:

"*Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer

thereof to be brought into the action as a defendant."

The Nevada rule, NRCP 15(c) reads:
"*Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

In addition, under NRCP 10(a):
"A party whose name is not known may be designated by any name, and when his true name is discovered, the pleading may be amended accordingly."

Although NRCP 10(a) has not been explicitly interpreted by the Nevada Supreme Court, it has been cited several times and discussed in dicta. See *Knight v. Witco Chemical Co.*, 89 Nev. 586, 517 P.2d 792; *Hill v. Summa Corporation*, 90 Nev. 79, 518 P.2d 1094; and *Garvey v. Clark County*, 91 Nev. 127, 532 P.2d 269. In *Hill v. Summa*, at 82–83, 518 P.2d 1094, a footnote explains that the purpose of Rule 10(a) is to enable the plaintiff to bring suit before it is barred by the statute of limitations.

This Court faced a somewhat similar situation in *Williams v. Avis Transport of Canada, Ltd.*, 57 F.R.D. 53 (D.Nev.1972). This Court there granted a motion to dismiss Chrysler Corp., which corporation was substituted for a Doe defendant after the statute of limitations had run. The substitution by an amended complaint was made in federal court *after removal*. This Court held that the relation back is a procedural matter, not a substantive one, and therefore, since the requirements of FRCP 15(c) were not met, the statute of limitations barred the claim against Chrysler Corp. The *Williams* case is inapposite as here the substitution of Bethlehem Steel for a Doe corporation was made in the state court *before removal* and in full compliance with the state rule, NRCP 10(a).

If, under state procedure, an unknown defendant can be sued after the limitation period may have run, by being substituted for a Doe defendant which Doe

defendant was timely sued, the mere fact that the action is later removed to a federal court should not dictate a different result. A defendant should not escape suit by merely removing an action to federal court. See generally *Marshall v. Mulrenin,* 508 F.2d 39, 44 (1st Cir. 1975); *Rumberg v. Weber Aircraft Corp.,* 424 F.Supp. 294, 300, footnote 9 (C.D.Cal.1976); *Walko Corp. v. Burger Chef Systems,* 180 U.S.App.D.C. 306, 311–312, 554 F.2d 1165, 1170–1171 (1977).

Accordingly, defendant's motion for summary judgment must be denied.