**ALTECH INDUSTRIES, INC., Plaintiff,**

v.

**AL TECH SPECIALTY STEEL CORPORATION and GATX Corporation, Defendants.**

**Civ. A. No. 81–226.**

United States District Court,
D. Delaware.

Dec. 11, 1981.

Harvey S. Kronfeld of Rawle & Henderson, Philadelphia, Pa., for plaintiff.

Douglas E. Whitney and Jack B. Blumenfeld, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants; Norman H. Zivin of Cooper Dunham, Clark, Griffin & Moran, New York City, of counsel.

## MEMORANDUM RE PLAINTIFF'S MOTION FOR DISCOVERY

STEEL, Senior District Judge:

A discovery dispute has arisen between plaintiff and the defendant GATX Corporation to which this memorandum is addressed.

The complaint charges that the defendant GATX and its wholly-owned subsidiary, the defendant Al Tech Specialty Steel Corporation, have violated 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by the use of the trade name "Al Tech" and have thus infringed the trade name "ALTECH" to which plaintiff claims prior use and an exclusive right. Because GATX is a New York corporation and beyond the reach of service in Delaware, plaintiff purported to effect service under the Delaware long arm statute, 10 Del.C. § 3104. Defendant moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(2) upon the ground that personal jurisdiction had not been obtained over it. By order dated August 27, 1981, the Court deferred action on GATX' motion until after plaintiff attempted to discover admissible evidence or information reasonably calculated to lead to the discovery of admissible evidence relating to the jurisdictional issue raised by the motion.

Thereafter plaintiff filed several sets of interrogatories and motions to produce documents identified by the answers to the interrogatories. Defendant has objected to providing answers to some of the interrogatories and to amplifying other answers which it has furnished. It has also objected to producing documents beyond those already produced in connection with the answers to interrogatories which it has supplied. Plaintiff has filed a motion to compel full and complete answers to paragraphs 4 of its interrogatories (1st and 3rd sets) and paragraph 9 of its first set of

interrogatories [*] and has moved to compel defendant to produce documents which it seeks to identify in the answers to the interrogatories which plaintiff's motion seeks to compel.

The objection of the defendant to answering certain of the interrogatories and to amplifying the answers which it has already given to others is based in part upon the ground that the information sought by the interrogatories does not arise from one of the enumerated transactions or activities in the long arm statute, 10 Del.C. § 3104 and that plaintiff's discovery effort seeks information about business transactions and activities which could not have given rise to the claim for relief (Brief of Defendant in Opposition to Plaintiff's Motion for Discovery, p. 8, Doc. 38). See answer and objection to interrogatory 4 (1st set) and answer to interrogatory 4 (3rd set).

This objection rests upon the defendant's interpretation of paragraph (c) of section 3104. This provides for service upon non-residents in certain cases and reads:

"(c) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or his personal representative, who in person or through an agent:

\* \* \* \* \* \*

(3) Causes tortious injury in the State by an act or omission in this State;

(4) Causes tortious injury in the State or outside the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;"

■ Defendant makes no claim that the trade name infringement alleged in the complaint does not give rise to a tortious injury and this would seem to be the case. Such a conclusion is consistent with the rationale of *Magid v. Marcal Paper Mills, Inc.*, 517 F.Supp. 1125, 1129–30 (D.Del.1981). Since the complaint, liberally construed, alleges a cause of action based upon a tortious injury which may have occurred outside the State of Delaware, service of process under the long arm statute is authorized if a defendant "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services or things used or consumed in the State." The purpose of the discovery sought by plaintiff is to establish that defendant carried on one or more of these activities.

■ The defendant argues that section 3104 authorizes long arm service only if a plaintiff's claim for relief is based upon a defendant's activities embraced within the quoted words. This is an erroneous interpretation of the statute. The cause of action plaintiff asserts is based upon a tortious injury arising out of a trade name violation. This is a cause of action arising from injuries specified in paragraph (c) of section 3104 of the statute.

■ A second objection of the defendant is that it would be unduly burdensome for it to respond more fully than it has to interrogatory 4 of the first and third sets. In objecting to augmenting its answer to interrogatory 4 of the first set, defendant alleges that to do so would be burdensome in that plaintiff "seeks information concerning possible meetings involving hundreds of present and former employees of GATX and the company maintains no separate records as to any such meetings involving such persons." Similarly, defendant's objection to augmenting the answers which it has supplied to interrogatory 4 of the third set is that this too would be burdensome since plaintiff "seeks information concerning possible communications or conversations involving hundreds of present and former employees of GATX and the company maintains no separate records as to any such communications or conversations in-

---

[*] The Court has been advised that the parties have settled their differences with reference to interrogatories 1 and 2 (3rd set) and documents requested 1 and 2 (3rd set).

volving such persons." The defendant has provided no evidence to support its objection of burdensomeness. Consequently, no validity can be attributed to it. *Roesberg v. Johns Manville Corp.*, 85 F.R.D. 292, 296–97 (E.D.Pa.1980).

■ Defendant objects to answering more fully paragraph 4 of the first set of interrogatories by asserting that the information is highly confidential and is protected by the attorney-client and work product privilege rules. To the extent that this is defendant's claim, the answer may be *in camera* and be placed in a sealed envelope to be lodged with the Clerk. The Court will then examine the material and will rule upon whether it may be withheld from the plaintiff. What has been said about the *in camera* material in defendant's answer to paragraph 4 of the first set of interrogatories will also apply to such documentary evidence, if any, which defendant produces in relationship to the *in camera* answer.

The objection of irrelevance which defendant has expressed to implementing paragraph 4 of the first and third sets of interrogatories is apparently based upon its misconstruction of section 3104 providing for out of state service previously referred to. The information called for by the interrogatories in question appears to be clearly relevant to whether the defendant regularly does or solicits business or engages in any other persistent course of conduct in Delaware.

The information which plaintiff seeks in paragraph 9 of the first set of interrogatories concerning the financing of defendant Al Tech Specialty Steel Corporation is clearly objectionable. It is not restricted to any activity in Delaware.