750 F.2d 15
 40 Fed.R.Serv.2d 1113, 11 Media L. Rep. 1193
 SCHIAVONE, Ronald A., Appellant,
v.
FORTUNE also known as Time, Incorporated, Appellee.
LIQUORI, Genaro, Appellant,
v.
FORTUNE also known as Time, Incorporated, Appellee.
DiCAROLIS, Joseph A., Appellant,
v.
FORTUNE also known as Time, Incorporated, Appellee.
 Nos. 84-5029 to 84-5031.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 11, 1984.
Decided Dec. 10, 1984.
 
 Morris M. Schnitzer (argued), Theodore W. Geiser, Connell, Foley & Geiser, Newark, N.J., for appellants.
 Peter G. Banta (argued), Winne, Banta & Rizzi, Hackensack, N.J., for appellee.
 Before SEITZ, BECKER, and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 This is an appeal from three orders of the district court dismissing plaintiffs' complaints for libel. Subject matter jurisdiction in the district court existed pursuant to 28 U.S.C. Sec. 1332. This court has appellate jurisdiction under 28 U.S.C. Sec. 1291.
 
 I.
 
 2
 An article which allegedly libeled plaintiffs appeared in the May 31, 1982 issue of Fortune Magazine. A substantial distribution of that issue occurred on May 19, 1982, at the latest. The New Jersey statute of limitations for libel is one year, running from the date of substantial distribution. See N.J.Stat.Ann. Sec. 2A:14-3. The statute ran in this case, therefore, on May 19, 1983, at the latest. Plaintiffs filed complaints on May 9, 1983. Those complaints named "Fortune" as the sole defendant.
 
 
 3
 On May 20, 1983, plaintiffs mailed the complaints to the New Jersey registered agent for Time, Inc. ("Time"). Fortune is a trademark and an internal division of Time. The complaints were received on May 23, 1983, and Time refused to accept service because it was not named as a party. Plaintiffs do not urge that Fortune is a separate legal entity with the capacity to be sued.
 
 
 4
 On July 19, 1983, plaintiffs amended their complaints to name as defendant "Fortune, also known as Time, Incorporated," rather than simply "Fortune." The amended complaints were served by certified mail on July 21, 1983. Time then moved to dismiss plaintiffs' complaints. The district court granted defendants' motion on statute of limitations grounds, holding that the amended complaints did not relate back to the original filing date. Subsequently, a timely motion for reconsideration was denied.
 
 II.
 
 5
 The district court applied Fed.R.Civ.P. 15(c) to determine whether the amended complaint would relate back to the original filing date. Rule 15(c) in pertinent part provides:
 
 
 6
 An amendment changing the party against whom a claim is asserted relates back if ..., within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
 
 
 7
 The district court concluded that, since Time did not have notice of the institution of the actions until May 23, 1983, which was after the statute of limitations had run, the amendment could not relate back under rule 15(c). Thus, the court held that plaintiffs' actions were time barred.
 
 III.
 
 8
 Plaintiffs argue that the district court committed legal error in three separate respects. First, they argue that their amendment did not change a party within the meaning of rule 15(c) because there should be an " 'identity of interest' exception to rule 15." Second, they argue that, even assuming their amendment did change a party, under a proper reading of the rule the requirements for relation back have been satisfied. Third, they argue that under Erie and its progeny the district court should have permitted relation back in accordance with New Jersey law.
 
 
 9
 A. An "Identity of Interest Exception"
 
 
 10
 Plaintiffs argue that if the original defendant is "misnamed or misspelled," and there is an identity of interest between the intended defendant and the defendant named in the original complaint, an amendment correcting the misnomer should not be considered a change of party for rule 15(c) purposes. We note at the outset that this case does not concern the misspelling of a defendant's name and we express no opinion as to the reasoning that would apply in such a case.
 
 
 11
 We assume, without deciding, that plaintiffs' properly characterize the naming of the defendant in the original complaint as a "misnomer." The advisory committee note to rule 15(c) explains that an amendment to "correct a misnomer or misdescription of a defendant" changes a party within the meaning of the rule. This, as a general matter, would seem to be dispositive of plaintiffs' argument.
 
 
 12
 Still, plaintiffs argue that the advisory committee note does not contemplate misnomer cases in which there is an identity of interest between the original defendant and the intended defendant. Plaintiffs note that they proffered service of the original complaint to Time in a timely fashion, and that Time received notice of the institution of the action at the same instant it would have had it been properly named in the original complaint. Thus, they conclude, Time should not be entitled to earlier notice than it would have received had it been properly named, because it has an identity of interest with the defendant named in the original complaint.
 
 
 13
 There is no support in the rule or the advisory committee note for plaintiffs' proffered exception. At bottom, it rests on the argument that, since the intended defendant received notice of the action within the time allowed for service of process, it was not prejudiced by plaintiffs' mistake and, therefore, the amendment should relate back. We will address that argument next, but its persuasiveness does not turn on whether an identity of interest exists between the original and intended defendant. We hold, therefore, that the district court did not err in refusing to adopt an "identity of interest exception" to rule 15(c).
 
 B. Rule 15(c) Notice
 
 14
 Rule 15(c) provides that an amendment bringing in a defendant relates back if notice "of the institution of the action" was received by the defendant "within the period provided by law for commencing the action...." The advisory committee note explains that "the period provided by law for commencing the action" is "the applicable limitations period ...."
 
 
 15
 Plaintiffs' position is that they have satisfied the rule. First, they contend that the rule, properly construed, would permit relation back if, within the statutory period, defendant had notice that litigation might ensue. The clear language of the rule refutes this contention. We hold that rule 15(c) requires notice of the actual "institution of the action," and not mere notice that an action "might ensue."
 
 
 16
 Plaintiffs alternatively contend that the period within which defendant must have notice of the institution of the action is the statutory period, plus the time permitted for service of process. They argue that the defendant was not prejudiced since, at the moment it would have received notice had it properly been named in the original complaint, it received the same notice and knew that, but for a pleading error, it would have been the defendant.
 
 
 17
 Plaintiffs' argument, as a policy matter, is quite persuasive. It has been adopted as the rule in the second circuit. Ingram v. Kumar, 585 F.2d 566 (2d Cir.1978), cert. denied, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979). But see Hughes v. United States, 701 F.2d 56 (7th Cir.1982).
 
 
 18
 Defendants respond that the language of the rule is clear and unequivocal, requiring notice within the period "for commencing the action" and not the period "for commencing the action plus the time permitted for service of process." They argue that, since the filing of the complaint arguably provides the named defendant with constructive notice when the action is instituted, the rule is sensible as drafted. Moreover, they argue that it is not proper for a court to amend a rule of procedure whenever it would have drafted a different one.
 
 
 19
 We read the language of rule 15(c) to be clear and unequivocal, requiring that notice to the defendant occur within the statutory period. While we are sympathetic to plaintiffs' arguments, we agree with the defendant that it is not this court's role to amend procedural rules in accordance with our own policy preferences. We hold, therefore, that the period within which defendant must receive notice under rule 15(c) does not include the time provided for service of process.
 
 C. The Erie Question
 
 20
 Plaintiffs contend that rule 15(c), if interpreted so as to deny relation back in this case, is at odds with the New Jersey rule. They further argue that the relation back rule is substantive and that under Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and Walker v. Armco Steel Corp., 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), the district court is bound to apply the New Jersey rule.
 
 
 21
 We need not address this argument on the merits. Plaintiffs do not deny that they conceded in the district court that the New Jersey rule was procedural only, and that the district court, in deciding the case, relied on that concession. Although plaintiffs concession, of course, is irrelevant to the proper interpretation of New Jersey law, it is dispositive of plaintiffs argument on appeal. We hold that the district court's reliance on plaintiffs' concession in deciding this case does not constitute reversible error.
 
 IV.
 
 22
 During the pendency of this appeal, plaintiffs moved for a limited remand to permit the district court to rule on their motion for "clarification" of the district court's order of December 8, 1983. The merits of the clarification issue are unrelated to the issues presented on appeal and concomitantly they are not within the scope of this court's mandate. No remand will be necessary, therefore, in order for the district court to entertain and decide such a motion subsequent to our decision. See Standard Oil of California v. United States, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976). Plaintiffs' motion will be dismissed as moot.
 
 
 23
 The orders of the district court will be affirmed.