**COLONIAL MORTGAGE SERVICE COMPANY, Plaintiff,**

v.

**Norman N. AERENSON and William R. Hitchens, Jr., Defendants.**

**Norman N. AERENSON, Esquire, Third-Party Plaintiff,**

v.

**CONTINENTAL BANK, Third-Party Defendant.**

**Civ. A. No. 82–474 MMS.**

United States District Court, D. Delaware.

Feb. 21, 1985.

Thomas S. Neuberger, Walter W. Rabin, and Jay S. Ruder, Philadelphia, Pa., for plaintiff; Meltzer & Schiffrin, Philadelphia, Pa., of counsel.

John T. Owens, and James S. Reichert, John T. Owens, P.A., Wilmington, Del., for defendant and third-party plaintiff N.N. Aerenson.

Edward M. McNally, Morris, James, Hitchens & Williams, Wilmington, Del., for defendant W.R. Hitchens.

William J. Wade, and Thomas A. Beck, Richards, Layton & Finger, Wilmington, Del., for third-party defendant.

### OPINION

MURRAY M. SCHWARTZ, District Judge.

This diversity action is presently before the Court on a Motion to Dismiss the third party complaint on the grounds of improper service of process, lack of in personam jurisdiction, and expiration of the statute of limitations. The third party complaint was brought by Norman N. Aerenson against John W. Benson, Jr. and Continental Bank of Pennsylvania. Only the claim between Aerenson and Continental Bank are involved in this motion. Recitation of the facts will be confined to those details relevant to the issues now before the Court. An exposition of the facts underlying the main proceeding in this lawsuit is contained in this Court's earlier opinion on the matter. *See Colonial Mortgage Service Co. v. Aerenson*, No. 82–474 (D.Del. Feb. 3, 1984).

### Background

Continental Bank ("Continental") is a Pennsylvania bank with its principal place of business in Philadelphia, Pennsylvania. Although Continental purportedly solicits no business in Delaware, it has recorded some 200 mortgages with the Recorder of Deeds for New Castle County, Delaware, on realty located within the County. The mortgages secure loans totalling approximately $130 million. Affidavit of Reichert, Dkt. Item 79. These loans were made in connection with construction loan mortgages arising from Continental's dealings with Pennsylvania residents, particularly John W. Benson, Jr., a defendant in the third party action. Apparently, Benson has financed the construction of residential development projects in Delaware through loans from Continental. When market conditions were unfavorable to sale of the property, Continental made permanent loans to individual purchasers in Delaware, secured by mortgages on Delaware real estate, thereby facilitating sale of the units and protecting its loans to Benson. *See* Affidavit of Karnbach, Dkt. Item 84. Over the years, Continental has continued to service its loans to Delaware residents. Moreover, on at least six occasions, Continental has instituted action in the Delaware Superior Court related to its interests within the State of Delaware.

This action began after Aerenson, an attorney, was named as a co-agent for an escrow account with partial proceeds from one of Benson's real estate sales. A sum of $42,206.03 was to be held in escrow to pay a potential realty transfer tax incident to the sale of the property. If no tax was assessed by the expiration of a three-year statute of limitations period, the money was to be paid to Benson's assignee, Colonial Mortgage Service Company ("Colonial"). According to the third party complaint, however, Continental wrongfully induced Benson to cause the funds to be transferred to it. That transfer took place on April 20, 1980.

On July 26, 1982, Colonial filed suit against Aerenson and his co-agent for the escrow account, William R. Hitchens, Jr. Aerenson's answer and third party complaint were filed with the Court on Novem-

ber 26, 1982. The third party complaint erroneously named "Continental Bank of Pennsylvania" as third party defendant, although Continental has never used that name. It was not until July 19, 1984, that Aerenson moved to amend the third party complaint to show "Continental Bank" as third party defendant rather than "Continental Bank of Pennsylvania." The amendment was ordered by the Court on July 20, 1984. Dkt. Item 81.

Aerenson attempted to effect service of process on Continental pursuant to the Delaware long-arm statute, 10 *Del.C.* § 3104. Accordingly, on December 3, 1982, the United States Marshal served a copy of the Summons and Complaint upon the Delaware Secretary of State. On December 8, 1982, Aerenson's attorney sent a registered letter containing notice of the pendency of the action to Continental Bank of Pennsylvania, Centre Square, 1500 Market Street, Philadelphia, PA 19102. Although the letter was sent to Continental at its correct address, albeit with an inaccurate name, it failed to arrive at Continental's Centre Square office. Instead, the return receipt was signed by one Joan Michaels and postmarked in Newtown Square, Pennsylvania. *See* Affidavit Supporting Proof of Registered Mail, Dkt. Item 19. Continental alleges it has never employed a Joan Michaels and has no branch or office in Newtown Square. Furthermore, the parties have uncovered no evidence that a Continental Bank of Pennsylvania exists in Newtown Square or elsewhere.

Unfortunately, Aerenson was never aware that the registered letter had been misdirected. Having received no answer to the third party complaint, Aerenson obtained a default judgment against "Continental Bank of Pennsylvania." *See* Dkt. Item 23. It was not until March, 1984, when Aerenson filed a praecipe in Pennsylvania to execute the judgment, that Continental learned, allegedly for the first time, of the suit against it. Upon Continental's

motion, this Court ordered the opening of the default judgment. Dkt. Item 70. Continental subsequently filed its motion to dismiss, precipitating Aerenson's amendment of the third party complaint to name the correct party. To date, neither Continental nor the Delaware Secretary of State have been properly served in connection with this action.[1]

**Personal Jurisdiction**

■■■ As a threshold matter, the Court must first consider the question of in personam jurisdiction over this nonresident defendant. The Court may only extend its jurisdictional reach within the limits provided by the Delaware long-arm statute, 10 *Del.C.* § 3104, and the due process clause of the United States Constitution. Section 3104 confers personal jurisdiction over any nonresident when the cause of action arises from that person's commission of any of the acts specified therein. The third party plaintiff has invoked several of the statute's provisions in support of his jurisdictional claim. A finding that jurisdiction exists under any one of these provisions is sufficient to establish a statutory basis for jurisdiction. In particular, § 3104(c)(4) provides:

(c) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or his personal representative, who in person or through an agent:

. . . .

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

■■■ Continental does not dispute that the third party complaint alleges tortious

---

1. A second registered letter was mailed some time in 1984 to "Continental Bank of Pennsylvania" at Continental's Centre Square, Philadelphia, address. That letter was admittedly received by Continental and the return receipt was properly forwarded back to Aerenson's attorney. *See* Transcript of oral Argument, Dkt. Item 89 at 39–40.

injury as that term is used in § 3104(c)(4). *See Altech Industries v. Al Tech Specialty Steel Corp.*, 528 F.Supp. 521, 523 (D.Del. 1981); *Magid v. Marcal Paper Mills, Inc.*, 517 F.Supp. 1125, 1130 (D.Del.1981). The bank takes issue, however, with Aerenson's contention that the second component of § 3104(c)(4) is satisfied, i.e., that Continental "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services or things used or consumed in the State." In support of its argument, Continental has attempted to minimize the import of its extensive dealings with Delaware residents, businesses, and property by emphasizing that its contacts with Delaware only arise when necessary to protect its paramount interests with Pennsylvania residents. While this may well be so, Continental's motive for dealing in Delaware is irrelevant to the question of in personam jurisdiction. The fact of the matter is that at least since 1970, Continental has done substantial business in the State and has undoubtedly profited from its services here. It cannot escape process in Delaware under the guise that its real concern is with its clients in Pennsylvania, notwithstanding that it has entered into some 200 loan agreements with Delaware mortgagors, placed millions of dollars at risk in Delaware property, and repeatedly invoked the benefits of the Delaware state courts to protect its interests. Certainly Continental's activities fall within the literal language of § 3104(c)(4) in that the bank regularly does business or engages in a persistent course of conduct or derives substantial revenue from services in the state.

The exercise of jurisdiction over this nonresident defendant is plainly consistent with the cases decided under section (c)(4) of Delaware's long-arm provision. *See Hill v. Equitable Trust Co.*, 562 F.Supp. 1324, 1331 (D.Del.1983) (section 3104(c)(4) extends personal jurisdiction to out of state bank which had Delaware mortgages total-

ling $500,000, had likely made loans to Delaware residents, had interests in Delaware property, and had engaged in litigation in the state); *Magid v. Marcal Paper Mills, Inc.*, 517 F.Supp. at 1130 (company's regular shipment of goods to even a single wholesaler satisfies requirement of § 3104(c)(4)); *see also Waters v. Deutz Corp.*, 479 A.2d 273, 275 (Del.1984). Accordingly, since the Court finds that the criteria of § 3104(c)(4) are established, it need not address whether jurisdiction could also be predicated on other provisions of the Delaware long-arm statute.

The question remains whether the exercise of jurisdiction pursuant to § 3104(c)(4) would contravene the due process clause of the United States Constitution. Section 3104(c)(4) is a "general" rather than a "specific" jurisdiction provision. General jurisdiction is at issue "when the claim does not arise out of or is unrelated to the defendant's contacts with the forum." *See Dollar Savings Bank v. First Security Bank*, 746 F.2d 208, 211 (3d Cir. 1984) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, — U.S. —, — nn. 8 & 9, 104 S.Ct. 1868, 1872 nn. 8 & 9, 80 L.Ed.2d 404 (1984)). In that event, there must be a showing of "continuous and systematic general business contacts" which would make suit in a foreign forum reasonable.[2] *Helicopteros Nacionales*, — U.S. at —, 104 S.Ct. at 1873. Personal jurisdiction may be extended over a nonresident defendant in such circumstances only if the defendant maintained sufficient contacts with the forum state that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940).

The constitutional test for personal jurisdiction is similar in this instance to that applied under the statutory framework previously discussed. As the Court has already noted, Continental has regularly and

---

**2.** In contrast, specific jurisdiction is involved when the claim is related to or arises out of the defendant's contacts with the forum, but the defendant lacks a continuing presence in the

state. *Dollar Savings*, 746 F.2d at 211. In that case, the focus for purposes of in personam jurisdiction is on minimum contacts. *Id.* at 212.

systematically entered into loan agreements in this state when it was commercially expedient for it to do so. Indeed, on approximately 200 occasions during the last fifteen years Continental has seen fit to deal with Delaware residents or Delaware businesses. Under these circumstances, the exercise of general jurisdiction over the defendant bank by the courts of Delaware comports with the constitutional standard. *Cf. Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 438, 72 S.Ct. 413, 414, 96 L.Ed. 485 (1952) (Ohio court had jurisdiction over Philippine corporation which "ha[d] been carrying on in Ohio a continuous and systematic, but limited, part of its general business"). Having decided that personal jurisdiction exists, attention is turned to the remaining issues raised in Continental's motion.

### Statute of Limitations

Continental contends that prosecution of the amended third party complaint is barred by the applicable statute of limitations. The parties agree that the statute of limitations expired on April 20, 1983, three years after the transfer of funds at issue in this litigation.[3] Aerenson's third party complaint was initially filed on November 26, 1982, within the prescribed limitations period. However, that complaint misnamed third party defendant Continental Bank as "Continental Bank of Pennsylvania." The error was repeated in the summons to the Delaware Secretary of State and in the registered letter sent to the third party defendant's address. The effect of Aerenson's error was exacerbated by the fact that Continental inexplicably failed to receive that letter notifying it of the pendency of the action. Unaware of this turn of events, Aerenson never amended the third party complaint to correct the name of the defendant until July 20, 1984, some fifteen months after the limitations period

expired. Unless that amendment relates back to Aerenson's original filing, the claim must be dismissed as barred by the statute of limitations.

■ Rule 15(c) of the Federal Rules of Civil Procedure sets forth the requirements for the relation back of an amended complaint. As a rule of procedure, it controls in both diversity and federal question actions filed in the federal courts. *Britt v. Arvanitis*, 590 F.2d 57, 61 (3d Cir.1978). Rule 15(c) provides, in pertinent part:

> An amendment changing the party against whom a claim is asserted relates back if . . . , within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ Aerenson alleges that his amended complaint merely corrects a minor misdescription in the name of the third party defendant and does not effectuate a "change" in party as contemplated by Rule 15(c). The advisory committee note accompanying the 1966 amendment to the rule explains, however, that "an amendment to correct a misnomer or misdescription of a defendant" operates as a change in party within the meaning of the rule. Indeed, the Court of Appeals for the Third Circuit recently stamped its imprimatur on that interpretation in refusing to fashion an "identity of interest" exception to the rule's plain language. *See Schiavone v. Fortune*, 750 F.2d 15, 17–18 (3d Cir.1984) (citing advisory committee note to rule 15(c)).[4] Clearly then, Aerenson's delayed

---

**3.** The parties are in agreement that the three-year limitations period of 10 *Del.C.* § 8106 applies to this case.

**4.** The third party plaintiff in this case, like the plaintiff in *Schiavone,* does not contend that the amended complaint remedies a mere misspelling of the party's name. The Third Circuit

Court of Appeals expressly reserved the question of the applicability of rule 15(c) under those circumstances and this court similarly need not reach that issue.

amended complaint may only profit from the earlier filing date of the original third party complaint if the requirements of rule 15(c) are met.

The survival of Aerenson's action thus turns on the question whether "within the period provided by law for commencing the action" notice "of the institution of the action" was received by "the party to be brought in by amendment." The uncontroverted evidence in this matter shows that Continental had no notice of the action against it until early March, 1984 when Aerenson attempted to enforce the default judgment against "Continental Bank of Pennsylvania." By that time, the statute of limitations had long since expired. Given the unequivocal language of the rule, the lack of timely notice to the third party defendant is fatal to Aerenson's claim.

 Aerenson has nonetheless sought to escape the harsh effect of the application of rule 15(c) on two bases. First, he points to the fact that timely service was made upon the Delaware Secretary of State, pursuant to 10 *Del.C.* § 3104. The contention that such service obviates the need to provide separate notice to the defendant for purposes of rule 15(c) is, however, without merit. While service on the Secretary of State may operate as "personal" service upon a nonresident defendant for purposes of in personam jurisdiction, *Equitable Trust Co. v. O'Neill,* 420 A.2d 1196, 1199 (Del.Super.Ct. 1980), it does not suffice as notice to the "party" as that term is used in rule 15(c). A contrary conclusion would require an interpretation of the rule not justified by its language. *Cf. Schiavone v. Fortune,* 750 F.2d at 18 (rule 15(c) requires that defendant receive notice within the statutory period; court cannot amend the unequivocal language of the rule in accordance with its own policy preferences); *Britt v. Arvanitis,* 590 F.2d 57, 62 (3d Cir.1978) (replacement of a "John Doe" defendant with a named party does not relate back if named party had no notice of action prior to running of statute of limitations). Thus, in this context, the requirement that timely notice be provided to "the party to be brought in by amendment" can only mean that Continental itself must have been apprised of the suit prior to the expiration of the statutory period, if the amended complaint is to relate back to the earlier date. Since that plainly did not occur, relation back of the amended third party complaint is impermissible.

 Second, Aerenson maintains that dismissal under rule 15(c) is inappropriate because, under Delaware law, the statute of limitations was tolled by the filing of the original third party complaint. Although that argument has some surface appeal, closer examination reveals it is equally unfounded. Any tolling of the limitations period which results from the filing of the action pertains only to the parties named in the complaint—in this case Benson and "Colonial Bank of Pennsylvania." When amendment is necessary to bring the proper party before the court, Delaware applies a rule identical in its language and effect to Federal Rule 15(c). The state rule permits the relation back of the amended complaint only if the party had timely notice of the pendency of the action. *See Mergenthaler, Inc. v. Jefferson,* 332 A.2d 396 (Del.1975) (applying Delaware Superior Court rule 15(c)). Where that fails to occur, the plaintiff may take no solace in the fact that the statute of limitations is tolled with respect to the party *originally* named. Accordingly, it is held that Aerenson's third party complaint does not relate back to the filing of the initial complaint and must be dismissed for failure to comply with the applicable statute of limitations.