**Arvon A. KUEHL and Dorothy E. Kuehl, Plaintiffs,**

v.

**GASWAY CORPORATION; A.B.C. Insurance Company; Wolverine Coil Coating, Inc., formerly Wolverine Pentronix, Inc.; D.C.E. Insurance Company; and American Mutual Insurance Company, Defendants.**

No. 84–C–1282.

United States District Court, E.D. Wisconsin.

March 20, 1986.

Thomas Fahl, Milwaukee, Wis., for plaintiffs.

John S. Minix, Milwaukee, Wis., for Wolverine.

James S. Smith, Milwaukee, Wis., for American Mut.

Werner E. Scherr, Milwaukee, Wis., for Gasway.

## ORDER

WARREN, District Judge.

Defendant Wolverine Coil Coating, Inc. (hereafter "the defendant"), has filed three motions that are pending before the Court. First, the defendant has moved for summary judgment dismissing it and its fictitious insurer, D.C.E. Insurance Company, from this lawsuit. The plaintiffs have conceded that they have no cause of action against Wolverine Coil Coating and D.C.E. Insurance Company, as the former was not in existence at the time of the accident which led to this lawsuit. Therefore, the defendant's motion for summary judgment will be granted.

Second, the defendant has moved for a stay of all discovery in this action pending the resolution of the plaintiff's appeal of this Court's orders dated March 13, 1985, and July 23, 1985. Since that appeal has been withdrawn, the defendant's motion for a stay is moot.

The third motion is still viable and is ardently contested by the plaintiffs. The defendant has moved to strike all references in the complaint to Wolverine Pentronix, Inc., as a defendant, pursuant to Rule 12(f), Federal Rules of Civil Procedure. The defendant contends that Wolverine Pentronix has not been served with process and cannot be served hereafter since the statute of limitations has run. The plaintiffs claim that Wolverine Pentronix was served and that it has admitted service. Having carefully analyzed the submissions of the parties, the applicable law, and the prior decisions in this action, the Court concludes that the defendant's motion to strike should be treated as a motion for summary judgment and, on that basis, it will be granted.

### A. BACKGROUND

The background of this case was discussed in the Court's Decision and Order dated March 13, 1985. In that Decision and Order, the Court denied the plaintiffs' motion to substitute the Traveler's Insurance Company in place of the fictitious

D.C.E. Insurance Company as the insurance carrier for defendant Wolverine Coil Coating. The Court also denied the plaintiffs' motion to amend the summons and complaint to add Wolverine Technologies, Inc. as a defendant. In both instances, the Court's decision was premised on the fact that neither Travelers nor Wolverine Technologies had received notice of this action before the statute of limitations had run. The Court held that, since Travelers and Wolverine Technologies were new parties that the plaintiffs were attempting to join in this action, amendment of the complaint should not be allowed because their late addition as defendants would deprive them of the defense of the statute of limitations. *Kuehl v. Gasway Corporation, et al.,* No. 84–C–1282, p. 8 (E.D.Wis. March 13, 1985). The Court reaffirmed its position in the July 23, 1985 order denying the plaintiffs' motion for reconsideration.

In order to put the defendant's motion to strike into perspective, a few additional background facts concerning the history of Wolverine Coil Coating and its parent corporation should be noted. Wolverine Coil Coating was formed as a wholly-owned subsidiary of Wolverine Aluminum Corporation on June 20, 1984. Wolverine Aluminum Corporation was formerly known as Wolverine Pentronix, Inc., and is now known as Wolverine Technologies, Inc. In August, 1984, the assets of the coil coating and paint manufacturing operations of Wolverine Aluminum were transferred to Wolverine Coil Coating. On August 9, 1984, the stock of Wolverine Coil Coating was sold to Prefinishing Technology Corporation, of which Wolverine Coil Coating is now a subsidiary. (See Affidavit of Arnold Weisler, dated August 20, 1985).

The plaintiffs commenced this action on October 15, 1984, one week before the statute of limitations expired. The plaintiffs named as one of the defendants "Wolverine Coil Coating, Inc., formerly Wolverine Pentronix, Inc." As the plaintiffs now recognize, Wolverine Coil Coating never was formerly known as Wolverine Pentronix, although that mistaken identification is understandable in view of the nature and frequency of the parent corporation's name changes.

On January 21, 1985, a copy of the summons and complaint was received via first class mail by Thomas A. Jeffers, who had been the registered agent of Wolverine Coil Coating. At the time he received the summons and complaint, Jeffers was an officer and director of Wolverine Technologies. Jeffers did not sign and return the enclosed acknowledgement of service form, since he was no longer the registered agent for Wolverine Coil Coating and because Wolverine Technologies was not named in the lawsuit. (See Affidavit of Thomas A. Jeffers, dated October 3, 1985).

**B. ISSUES**

Based upon the Court's prior decision that Wolverine Technologies cannot be named as an additional defendant in this action, the defendant contends that all references in the complaint to Wolverine Pentronix, the former name of Wolverine Technologies, should be stricken. The defendant claims that Wolverine Pentronix has not been named as a defendant in this action, that service upon it by first class mail outside the State of Wisconsin was defective, and that Mr. Jeffers' failure to sign and return the acknowledgement of service form also rendered service defective.

The plaintiffs contend that in serving Mr. Jeffers, they effected service not only upon the registered agent of Wolverine Coil Coating but also the vice president, treasurer and director of Wolverine Pentronix. The plaintiffs also contend that Mr. Jeffers' statements in his affidavit on file with the Court are tantamount to an admission of service upon Wolverine Pentronix. The plaintiffs state that, under Wisconsin law, an admission of service operates as a cure for any defects in the service made.

**C. DISCUSSION**

The Court has twice denied the plaintiffs' motion to amend the complaint in order to name the appropriate defendants to this action. As stated above, the Court's decision was based on the fact that the

statute of limitations had run before the parties sought to be included as defendants had notice of this action. In view of the lack of notice prior to the expiration of the statute of limitations, the Court held that the proposed amendment would not relate back to the filing of the complaint under Rule 15(c), Federal Rules of Civil Procedure. While the rule in other circuits may be different, *see, e.g., Ingram v. Kumar*, 585 F.2d 566 (2nd Cir.1978), the rule is this circuit is as follows: an amendment naming a new party to a lawsuit does not relate back to the filing of the action unless actual notice was received by that party within the period provided by law for commencing the action. *Hughes v. United States*, 701 F.2d 56, 58–59 (7th Cir.1982); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981). This interpretation of Rule 15(c) has been applied outside this circuit as well. *See, e.g., Schiavone v. Fortune*, 750 F.2d 15, 18 (3rd Cir.1984); *Colonial Mortgage Service Co. v. Aerenson*, 603 F.Supp. 323, 329 (D.Del.1985).

■■■ The misidentification of Wolverine Pentronix as the former name of Wolverine Coil Coating is, of course, a critical fact upon which the resolution of this matter depends. The defendant named in the complaint is "Wolverine Coil Coating, Inc., formerly Wolverine Pentronix, Inc." That description names a single entity, not two, and results in both corporations having been improperly identified. The significance of this fact is that an attempt to correct the misidentification of a party by means of an amendment is viewed as the naming of a new party, to which the relation back rule cited above must be strictly applied. *Hughes*, 701 F.2d at 58; *Schiavone*, 750 F.2d at 17; *Martz v. Miller Brothers Co.*, 244 F.Supp. 246, 254–55 (D.Del.1965); Rule 15(c), Fed.R.Civ.P. advisory committee note.

The discussion thus far compels the conclusion that the plaintiffs may not maintain this action against Wolverine Pentronix. Wolverine Pentronix was not named as a defendant in the original complaint, and it may not be added as a defendant at this time, since the statute of limitations expired before it received notice of this action.

■■ This finding does not compel the conclusion, however, that the defendant's motion to strike must be granted. A motion to strike is ordinarily viewed as a means of removing from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matters, and is to be decided on the basis of the pleadings. *Marco Holding Co. v. Lear Siegler, Inc.*, 606 F.Supp. 204, 212 (N.D.Ill. 1985); *see United States v. 416.18 Acres of Land*, 514 F.2d 627, 630–31 (7th Cir.1975). In this instance, the defendant's arguments have not been directed to the proposition that the references to Wolverine Pentronix in the complaint are immaterial, scandalous or impertinent. Clearly, some references to Wolverine Pentronix are necessary in order to make sense of the allegations made against the other remaining defendants. While the defendant requests that the Court strike only those references to Wolverine Pentronix as a defendant, even that request seems beyond the bounds of a proper Rule 12(f) motion. The same result may be obtained, albeit through a more appropriate means, if Wolverine Pentronix was dismissed as a defendant and the plaintiff was directed to file an amended complaint naming as defendants only those parties remaining in the action. Such a result could be obtained in this instance by means of a motion under Rule 12(b)(2), Rule 12(b)(6) or Rule 56.

■ The Court believes that the "relation back" argument presented above is a proper basis upon which to grant a motion for summary judgment dismissing all claims against Wolverine Pentronix, pursuant to Rule 56, Federal Rules of Civil Procedure.[1] Therefore, the Court will view the defendant's motion as one for summary judgment, *see Marco Holding*, 606 F.Supp. at 213, and that motion will be granted.

■ The Court will also dismiss all claims against Wolverine Pentronix for the

---

**1.** Had the defendant not submitted materials outside of the pleadings in support of its argument, the Court would have treated this motion as one under Rule 12(b)(6), Federal Rules of

additional reason that it was never properly served with the summons and complaint. Even if service by first class mail upon Mr. Jeffers in Michigan was available under Rule 4(c)(2)(C)(ii),[2] that service was insufficient since he never returned the acknowledgement of service forms as required by that rule. The Court has found no authority to support the plaintiffs' argument that Mr. Jeffers' affidavit can be deemed an admission of service which cures the deficiency cited above.

For the foregoing reasons, the Court hereby **GRANTS** defendant Wolverine Coil Coating's motion for summary judgment as to the claims against it; **DENIES** defendant Wolverine Coil Coating's motion for a stay; and **GRANTS** defendant Wolverine Coil Coating's motion to dismiss the claims against Wolverine Pentronix. The plaintiff shall have twenty (20) days from the date of this Order to file an amended complaint reflecting the proper disposition of the parties.

---

Civil Procedure. *See Egan v. Pan American World Airways, Inc.,* 62 F.R.D. 710, 712 (S.D.Fla. 1974).

**2.** *See Reno Distributors v. West Texas Oil Field Equipment,* 105 F.R.D. 511, 513 (D.Kan.1985), where the Court held that service by mail upon a party outside of the state is not permitted beyond the territorial limits prescribed in Rule 4(f).