**Kevin R. McCAFFERTY, Plaintiff,**

v.

**The CITY OF BEAVER FALLS, Dean G. Michael, and Paul L. Moore, Defendants.**

**Civ. A. No. 86–249.**

United States District Court, W.D. Pennsylvania.

Nov. 25, 1986.

Alfred L. Steff, Jr., Beaver, Pa., for McCafferty.

Bernard W. O'Keefe, Pittsburgh, Pa., for City of Beaver Falls.

James F. Israel, Pittsburgh, Pa., for Michael and Moore.

## MEMORANDUM

GERALD J. WEBER, District Judge.

Plaintiff filed this civil rights action against the City of Beaver Falls and two of its police officers on February 3, 1986. He alleges that on February 4, 1984 he was falsely arrested by a police officer, Dennis D. Michael, a defendant named herein, and another, and was taken to the police station where he was detained. Dennis D. Michael, of 116 Laughridge Drive, Beaver Falls, Pennsylvania was named as a defendant. Although not named in the complaint, Dean G. Michael was served with process on February 18, 1986. Dean Michael's attorney filed an answer on behalf of Dean Michael asserting that he was incorrectly denominated as Dennis Michael in the complaint.

Thereafter, Dean Michael filed a motion to dismiss alleging that plaintiff failed to give defendant notice of the institution of the action within the two year period of the applicable statute of limitations.

Plaintiff filed a motion for leave to amend on June 13, 1986, which was granted on June 16, 1986 which changed the name of defendant to read Dean G. Michael, RD 1, Ridgemont Drive, Industry, Pennsylvania.

Plaintiff responds by asserting that its amended complaint "relates back" to

the filing of the original complaint. F.R. C.P. 15(c) covers the relation back of an amended complaint, including the amendment of a "misnomer." However, the Rule specifically provides that:

an amendment changing the party against whom a claim is asserted relates back if, ... within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

This rule has been enforced in this circuit by *Schiavone v. Fortune a/k/a Time Inc.,* 750 F.2d 15 (3d Cir.1984):

We read the language of Rule 15(c) to be clear and unequivocal, requiring that notice to the Defendant occur within the statutory period.... We hold, therefore, that the period within which Defendant must receive notice under Rule 15(c) does not include the time provided for service of process. 750 F.2d p. 18.

There has been no showing in this case that Dean Michael received any notice prior to the receipt of the complaint on February 18, 1986.

■ Plaintiff argues that the statute of limitations should not begin to run until after the arrest charges were dismissed, March 30, 1984. However, plaintiff has alleged a constitutional deprivation by his arrest on February 4, 1984. That is the date that he knew or had reason to know of the injury which is the basis of this cause of action. That is the date alleged in the complaint. Defendant Dean Michaels had no notice of suit until February 18, 1984, which is outside the time permitted by Rule 15(c) and *Schiavone, supra.* The cause of action against Dean Michael will be dismissed.