**Paul BECHTEL and Wanda Elaine Greene, as Co–Executors of the Estate of Edward G. Greene, deceased, Plaintiffs,**

v.

**Janus R. ROBINSON, d/b/a Kirby & Holloway Family Restaurant, and James Gray, d/b/a Kirby & Holloway Family Restaurant, Defendants.**

Civ. A. No. 88–86–CMW.

United States District Court,
D. Delaware.

Dec. 15, 1988.

Bayard J. Snyder, of Phillips & Snyder, Wilmington, Del., for plaintiffs.

Craig A. Karsnitz, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for defendant, James Gray.

OPINION

CALEB M. WRIGHT, Senior District Judge.

The co-executors of the Estate of Edward G. Greene ("Greene") filed this law-

suit for personal injuries that Greene allegedly suffered on March 9, 1986, while Greene was a customer at the Kirby & Holloway Family Restaurant in Dover, Delaware. Greene died on November 19, 1986, of causes unrelated to the incident in Dover.

Plaintiffs filed their original Complaint on February 17, 1988, naming Janus R. Robinson ("Robinson"), d/b/a Kirby & Holloway Family Restaurant, as a defendant. On March 14, 1988, after the expiration of the statute of limitations,[1] plaintiffs filed an Amended Complaint adding James Gray ("Gray"), d/b/a Kirby & Holloway Family Restaurant, as a defendant.

Gray filed an Answer on May 2, 1988, which raised, *inter alia*, the statute of limitations as an affirmative defense. Gray moved for summary judgment on the statute of limitations issue on July 7, 1988. On August 10, 1988, plaintiffs filed a motion to permit the filing of a Second Amended Complaint correcting Robinson's name and adding as a defendant Creative Dining, Inc., d/b/a Kirby & Holloway Family Restaurant. Because these two Motions involve essentially the same issue— whether under Fed.R.Civ.P. 15(c) the amended complaint relates back to the original filing date—the Court will consider them jointly. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

For the reasons stated herein, defendant Gray's Motion for Summary Judgment is granted, and Plaintiffs' Motion to File a Second Amended Complaint is denied.

## I. FACTS

Greene was dining at the Kirby & Holloway Family Restaurant in Dover, Delaware, on March 9, 1986, and was allegedly injured when the chair on which he was sitting collapsed. Gray was working in the restaurant at the time and recalls assisting Greene after the fall. Greene retained a Philadelphia attorney, Michael P. Creedon. On October 15, 1986, Creedon, on behalf of Greene, wrote to the Kirby & Holloway

Family Restaurant and requested that the restaurant's insurance carrier contact Creedon. The letter alleged that Greene's injuries were related to his fall at the restaurant, but misstated the date of the incident as July 7, 1986. The letter did not mention any lawsuit. Although there is no direct evidence that anyone at the restaurant received the letter, it was never returned by the post office.

In January 1988, the case was referred from the Philadelphia firm to Bayard J. Snyder, a Wilmington, Delaware, attorney. The record does not reflect what occurred during the interim. As indicated in his uncontroverted affidavit filed in support of plaintiffs' Motion, Snyder commenced an investigation to determine the proper party upon which to serve the complaint: This included a search of public records and available directories. An employee in Snyder's office telephoned the Prothonotary's office in Kent County, Delaware, to determine whether the Kirby & Holloway Family Restaurant was listed in the Common Name Table. Snyder's representative was told by an employee in the Prothonotary's office that "Janus R. Robinson" was the sole proprietor of the restaurant. An employee of Snyder's firm visited the restaurant to determine ownership of the restaurant, but did not see any visible signs other than for the Kirby & Holloway Family Restaurant.

Plaintiffs filed a complaint on February 17, 1988, and named as defendant Janus R. Robinson, d/b/a Kirby & Holloway Family Restaurant. On February 23, 1988, plaintiffs, through Kevin Dunn ("Dunn"), president of Brandywine Process Service, Ltd., attempted to serve Robinson at the restaurant. An unidentified employee of the restaurant informed Dunn that Gray, rather than Robinson, was the owner of the restaurant. The two-year statute of limitations expired March 9, 1988. Upon receiving the information that Gray was the owner of the restaurant, plaintiffs amended their complaint on March 14, 1988, naming

---

**1.** Delaware law imposes a two-year statute of limitations in personal injury actions. *See* 10 *Del.C.* § 8119.

as a defendant James Gray, d/b/a Kirby & Holloway Family Restaurant. Dunn served Gray personally on March 18, 1988. When Gray answered the complaint on May 2, 1988, plaintiffs learned for the first time that Creative Dining, Inc. owned the Kirby & Holloway Family Restaurant and that Gray was the principal stockholder of Creative Dining, Inc. At some point, plaintiffs also learned that the former owner of the restaurant was James R. Robinson, not Janus R. Robinson. Although Gray had not registered the new owner of the restaurant in the Common Name Table prior to this suit being filed, he did register the name Creative Dining, Inc., d/b/a Kirby & Holloway Family Restaurant, in the Common Name Table on May 2, 1988.

## II. APPLICABLE LAW

### A. Summary Judgment Standard

A moving party is entitled to summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Wilmington Housing Auth. v. Pan Builders, Inc.*, 665 F.Supp. 351, 353 (D.Del.1987). The Court must view all the facts, and any reasonable inference from those facts, in the light most favorable to the party opposing summary judgment. *Id.*

The burden of proving that no genuine issues of material fact exist rests on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir.1985). Conversely, to defeat a motion for summary judgment, the non-moving party must produce specific evidence showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Jersey Central Power & Light Co. v. Township of Lacey*, 772 F.2d 1103, 1109–10 (3d Cir.1985).

However, not every factual ambiguity necessitates a trial. By its very terms, the standard of Rule 56(c) provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

### B. Standard for Leave to Amend

Under Fed.R.Civ.P. 15(a), once a responsive pleading is served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The history of Rule 15(a) demonstrates "a strong liberality in allowing amendments." 3 J. Moore, Moore's Federal Practice ¶ 15.08[2] (2d ed. 1988). The Supreme Court reiterated the spirit of the rule in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), wherein the Court stated that the grant or denial of an opportunity to amend is within the discretion of the District Court, and that leave to amend should be "freely given" when "the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced, and the trial of the issues will not be unduly delayed." *Moore, supra* (citing *Foman*, 371 U.S. at 182, 83 S.Ct. at 230).

The Third Circuit has interpreted the *Foman* factors to emphasize that "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co., Inc. v. Occupational Safety and Health Rev. Com'n.*, 573 F.2d 820, 823 (3d Cir.1978); *Butcher & Singer, Inc. v. Kellam*, 105 F.R.D. 450, 452 (D.Del. 1984). However, the non-moving party must do more than simply claim prejudice; it must show that it will be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it otherwise could have offered had the amendment been timely. *Hill v. Equitable Bank, N.A.*, 109 F.R.D. 109, 112 (D.Del.1985) (citing *Heyl & Patterson Intern. v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir.1981)). Where substantial prejudice is not proven, a court may deny leave to amend only where the non-moving party shows bad faith, dilatory motive, truly undue or unexplained delay, futility or repeated failure to

cure deficiencies by amendment. *Id.* Importantly, courts have consistently held that denial to the defendant of the defense of the statute of limitations constitutes prejudice to the defendant. *See, e.g., Simmons v. Fenton,* 480 F.2d 133, 136 (7th Cir.1973); *Bruce v. Smith,* 581 F.Supp. 902, 908 (W.D.Va.1984).

### C.  Relation Back Under Rule 15(c)

Fed.R.Civ.P. 15(c)[2] sets forth the standard for when an amendment can "relate back" to the date of the filing of the complaint so as to fall within the statute of limitations. In *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986), the Supreme Court stated that relation back under Rule 15(c) is dependent on four factors, all of which must be satisfied:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

### III.  ANALYSIS

◼ As in *Schiavone,* the first factor is not in issue here. Rather, the Court is concerned with the satisfaction of the remaining three. In satisfying those criteria, plaintiff must overcome the hurdle of the now well-settled principle of law that "notice of the institution of the action" under rule 15(c) means notice of the filing of the lawsuit, and not mere notice of the event giving rise to the cause of action or the

fact that litigation might ensue. *Schiavone v. Fortune,* 750 F.2d 15, 18 (3d Cir. 1984); *Davis v. Cadwell,* 94 F.R.D. 306, 309 (D.Del.1982), *remanded without opinion,* 709 F.2d 1491 (3d Cir.1983); *Francis v. Pan American Trinidad Oil Company,* 392 F.Supp. 1252, 1258 (D.Del.1975).

The focus of this inquiry is whether Gray had notice of the institution of the action prior to March 9, 1988. This is dispositive of the Motion to File a Second Amended Complaint as well as the Motion for Summary Judgment because notice to Gray, the principal stockholder of Creative Dining, Inc., would effectively be notice to Creative Dining, Inc.

Plaintiffs point to two things that they allege put Gray on notice of the institution of this action. First, they note the October 15, 1986, letter from Creedon to the Kirby & Holloway Family Restaurant in which Creedon urges the recipient to "please notify your insurance carrier and have them contact me." Significantly, the letter makes no mention of any lawsuit. There is no evidence as to whether the letter was ever received or whether Gray ever read it. At most, then, it was notice of the accident only. Second, plaintiffs rely on the attempted service on Robinson on February 23, 1988, at the restaurant. This too falls short of notice to Gray of the filing of the action. There is no evidence as to the identity of the restaurant employee with whom the process server spoke or the employee's position at the restaurant; nor is there any evidence that the unidentified employee ever spoke with Gray regarding the attempted service.

Plaintiffs argue that they exhausted all available methods of determining ownership of the Kirby & Holloway Family Restaurant and that they did everything in

---

**2.** Fed.R.Civ.P. 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

their power to serve the correct defendant within the two-year statute of limitations. They note that the restaurant license that listed Creative Dining, Inc. as the owner was located in Gray's office in the basement of the restaurant, an area to which they did not have access. While the Court is sympathetic to the difficulties encountered by plaintiffs, I "read the language of rule 15(c) to be clear and unequivocal, requiring that notice to the defendant occur within the statutory period." *Schiavone,* 750 F.2d at 18. It is not this Court's role to engraft on the Delaware statute an equitable exception or to amend the procedural rule in accordance with its own policy preferences. *See id.* Delaware law has by long tradition given no weight to considerations of hardship or "fair play" in the application of statutes of limitations, and the Court cannot extend the statute to save whatever cause of action plaintiffs may have had against Gray or Creative Dining, Inc. *See Nose v. Rementer,* 610 F.Supp. 191, 193 (D.Del.1985) (citing *Rash v. C. & M. Corp.,* 59 Del. 257, 218 A.2d 670, 672 (1966)).

The final argument of plaintiffs is that Gray violated a Delaware statute requiring entities using fictitious names to register that fact in the Prothonotary's office. This omission by Gray, plaintiffs allege, misled the public as to who actually owned the restaurant and prevented the plaintiffs in this action from determining the proper defendant to sue. Delaware law, specifically 6 *Del.C.* § 3101,[3] requires a business operating under a trade name to file a certificate disclosing that fact. However, 6 *Del.C.* § 3107[4] expressly exempts "legally incorporated companies" from the application of 6 *Del.C.* § 3101. It is undisputed that Creative Dining, Inc. is a legally incorporated Delaware corporation.

Plaintiffs suggest that the purpose of the fictitious name statute is to allow the public ease and consistency in discovering the names of people transacting business in particular counties. They conclude that the proper interpretation of Delaware law is that § 3101 does not apply to legally incorporated companies doing business under their corporate names, but that it does apply to legally incorporated companies doing business under different names.

Delaware caselaw citing to § 3101 provides this Court with little guidance in interpreting the statute. The Delaware courts have seemingly not directly addressed the issue of whether § 3101 applies to corporations doing business under trade names. At least one case can be read to compel an affirmative answer. *See Zaleski v. Mart Associates,* slip op. at 3–5 (Del.Super.Ct. Sept. 7, 1988) [1988 WL 97900]. In *Zaleski,* defendants Joseph Capano and Frank Acierno controlled C & A Holding Associates, Inc. ("C & A"). *Id.* at 3. C & A owned legal title to Merchants Square Shopping Center ("Merchants Square"). *Id.* At some time Acierno and Capano began transacting the daily business of Merchants Square by using the trade name of "Mart Associates." *Id.* In concluding that Mart Associates was an "improperly used trade name" and was an "entity" over which per-

---

**3.** 6 *Del.C.* § 3101 provides:

No person, firm or association shall engage in, prosecute or transact any business within the limits of this State, by using any trade name or title which does not disclose the Christian and surname of such person, or in case of a firm or association, the Christian and surname of each and every person comprising the firm or association without, in addition to what is otherwise required by the laws of this State, first filing a certificate under the hand of such person or, in case of a firm or association, under the hand of one of the members of the firm or association, in the office of the Prothonotary of each county in which it is prosecuting or transacting such business, designating the trade name or title and Christian and surname of such person, or, in case of a firm or association, the Christian and surname of each and every member comprising the firm or association. All certificates shall show the date when the partnership or association was organized, to which certificates there shall be attached the affidavit of the person signing it to the effect that the facts therein stated are true and correct.

**4.** 6 *Del.C.* § 3107 provides:

Nothing in §§ 3101–3105 of this title shall affect or apply to joint stock associations, using a common name, not being ordinary partnerships, which have more than 50 stockholders or members nor to legally incorporated companies.

sonal jurisdiction could not be obtained, the Court noted that the use of the name Mart Associates was not done pursuant to the registration requirements of § 3101. *Id.* at 3–5. One could read this statement by the *Zaleski* court to say that the corporation, C & A, should have complied with the registration statute.

A second Delaware opinion discussing § 3101 is not much more illuminating. *See Seaford Steel Products v. Taubler,* slip op. at 6–7 (Del.Super.Ct. October 6, 1987) [1987 WL 18427]. In *Taubler,* plaintiff Seaford Steel Products sued on a debt against two defendants, individually and trading as Delaware Marine and Manufacturing Company ("Delaware Marine"). *Id.* at 1. The trial court entered judgment in favor of plaintiff. *Id.* On appeal, defendants argued, *inter alia,* that the lower court erred as a matter of law in holding that a corporation is subject to the requirement for registration of trade names under § 3101. Slip op. at 3. The plaintiff apparently did not know until the time of trial that Delaware Marine was the trade name for Ocean Technology, Inc., a New York corporation that was registered in Delaware. *Id.* at 4–5. The Superior Court affirmed the trial court's holding that Ocean Technology was the undisclosed principal behind the trade name Delaware Marine and that the individual defendants were personally liable to plaintiff. *Id.* at 6. In reaching this conclusion, though, the Superior Court noted that the case below did not turn on the application of § 3101 and § 3107. Slip op. at 6. Thus, the appellate court did not squarely address the application of the common name statute.

In our case, plaintiffs' suggested interpretation makes sense as a matter of policy. The purpose of a so-called "common name statute" such as § 3101 is "to protect the residents of the State from the activities of unidentifiable associations engaged in business under assumed or common names." *35 Virginia v. Tuttle,* slip op. at 10 (Del.Ch. June 26, 1987) [1987 WL 12897] (quoting *Silliman v. Du Pont,* 302 A.2d 327, 333 (Del.Super.Ct.1972), *aff'd sub nom. F.I. Du Pont, Glore Forgan & Co. v. Silliman,*

310 A.2d 128 (Del.1973)). This purpose would hardly seem served by allowing Delaware corporations doing business under trade names to claim an exemption to the § 3101 filing requirement.

Delaware principles of statutory construction also support plaintiffs' reading of the statute. The object of statutory construction is to give a sensible and practical meaning to the statute as a whole in order that it may be applied in future cases without difficulty. *Nationwide Mutual Insurance Co. v. Krongold,* 318 A.2d 606, 609 (Del.1974). If a literal interpretation leaves a result inconsistent with the general statutory intention, such interpretation must give way to the general intent. *Id.* This is particularly true when such a literal interpretation would lead to unjust and mischievous consequences. *Id.*

When a statute is ambiguous and its meaning may not be clearly ascertained, the Court must rely on statutory interpretation and construction to arrive at what the legislature meant. *Coastal Barge Corp. v. Coastal Zone Indus.,* 492 A.2d 1242, 1246 (Del.1985). A statute is ambiguous if it is reasonably subject to different interpretations. *Id.; see also* 2A Sutherland, Statutes and Statutory Construction § 45.02 (4th ed. 1984). Ambiguity may also arise from the fact that giving a literal interpretation to ·words of the statute would lead to such unreasonable or absurd consequences as to compel a conviction that they could not have been intended by the legislature. *Coastal Barge,* 492 A.2d at 1246; 73 Am.Jur.2d *Statutes* § 195 at 392 (1974).

To read § 3107 literally to provide an exemption from the § 3101 filing requirement for all legally incorporated Delaware companies is contrary to the protective purpose of the statute. This Court thus finds the Delaware common name statute, §§ 3101–3107, ambiguous. To hold in this case that the statute was violated by Gray when he failed to register the fact that Creative Dining, Inc. was doing business as the Kirby & Holloway Family Restaurant would seemingly further the statutory pur-

pose. However, given the ambiguity presented by the clash between the statute's purpose and its literal meaning, it is at best arguable that Gray was required to so register.

In light of the uncertainty under Delaware law as to whether Gray was obliged to register, this Court will not go so far as to penalize Gray by expanding the statute of limitations. Even if plaintiffs are correct that Delaware law required a filing by Gray or Creative Dining, Inc. under § 3101, the failure to file would not necessarily entitle plaintiffs to relation back under Rule 15(c). The only penalties contained in the Delaware statute for failure to file under § 3101 are a fine and imprisonment. 6 *Del.C.* § 3106. The Court cannot read into an ambiguous statute a penalty for which the Delaware legislature did not provide.

Absent proof that Gray had notice of the institution of this action prior to the expiration of the statute of limitations, three of the four *Schiavone* criteria remain unsatisfied and there can be no relation back. Because plaintiffs have come forward with insufficient evidence to create an issue of fact as to Gray's notice, summary judgment in favor of defendant Gray is granted, and plaintiffs' Motion to File a Second Amended Complaint is denied.