ROBERT AND BARBARA RIVERA, APPELLANTS, v. AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, RESPONDENT.

No. 19830

November 27, 1989                    782 P.2d 1322

*Albert D. Massi* and *Allen A. Cap,* Las Vegas, for Appellants.

*W. Randolph Patton,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This appeal raises the question of the proper jury instructions necessary to state rebuttable presumptions under NRS 47.220(3). The district court gave an instruction that properly stated when a rebuttable presumption arises, but it did not also state that the rebuttable presumption will not arise until the jury finds the basic fact upon which the presumption rests to be more probable than not. While the failure to give this additional language in the instruction was error, we conclude that in the context of this case such error was harmless.

## THE FACTS

Robert and Barbara Rivera (Riveras) had an automobile insurance policy with American National Property and Casualty Company (American). American paid the Riveras $50,000 in un-/underinsured (henceforth, "uninsured") motorist benefits based on an accident Mrs. Rivera had with an underinsured motorist. The Riveras claimed American owed them an additional $50,000 because American had failed to offer them higher uninsured motorist coverage limits equal to the policy's bodily injury coverage limits, as required by NRS 687B.145(2) (the "must offer rule"). American brought an action for declaratory relief, seeking a judicial declaration that American had exhausted its liability to the Riveras and that American had in fact offered the Riveras the higher coverage limits.

A critical issue at trial was whether the Riveras received from American a form letter which clearly disclosed insureds' rights to the higher coverage. Testimony did not conclusively establish whether the letter was mailed *or* received. American insurance agent Donald E. Walford (Walford) testified that on about May 1, 1985, he sent out to all his auto insurance clients about 125 copies of the form letter. The Riveras were Walford's clients. Walford and his wife testified that they personally addressed and mailed the letters. Although neither Walford nor his wife specifi-

cally recalled addressing and mailing a letter to the Riveras, Walford testified he had no reason to believe that the Riveras did not receive a copy of the letter. The Riveras, on the other hand, testified that they never received any such letter.

Faced with this inconclusive testimony, the district court gave the jury an instruction stating that any duly directed and mailed letter is presumed received. As submitted to the jury, the instruction stated:

> There is in force and effect a Nevada statute, N.R.S. 47.250(13) which creates a disputable presumption that a letter duly directed and mailed was received in the regular course of the mail. A presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence.

The Riveras' attorney objected to this instruction on the basis that the instruction suggests that a letter was mailed to the Riveras, when, in fact, there was no conclusive proof that Walford had properly addressed and mailed the letter to the Riveras. The district court overruled the objection. The jury returned a general verdict in favor of American and the court entered the requested declaratory judgment, which the Riveras now appeal.

## LEGAL DISCUSSION

The Riveras raise only one meritorious challenge to the district court's judgment. The Riveras contend that the district court erred by giving the instruction quoted above, because the instruction precluded the jury from making the threshold determination of whether the letter was even *mailed* before applying the presumption of *receipt*. The Riveras concede that the first sentence of jury instruction eleven correctly states the applicable law regarding the presumption of receipt of duly mailed letters, NRS 47.250(13). American rightly points out that the second sentence of the instruction correctly and closely tracks the language of NRS 47.180(1) regarding the effect of presumptions. In all, then, at least in the abstract, both sentences of the instruction correctly state applicable law.

While it was correct as far as it went, the instruction was incomplete. NRS 47.220(3) mandates the proper form of instruction to be used in this case. NRS 47.220 provides in pertinent part:

> 47.220 Determination on evidence of presumed fact: Where basic facts doubtful. When reasonable minds would not necessarily agree as to whether the evidence renders the

existence of the *basic* facts more probable than not, *and* direct evidence is introduced concerning the existence of the *presumed* fact, the question of the existence of the *presumed* fact is determined as follows:

. . . .

. . . .

3. If reasonable minds would not necessarily agree that the direct evidence renders the nonexistence of the presumed fact more probable than not, the judge *shall* submit the matter to the jury with an instruction to find in favor of the presumed fact *if they find from the evidence that the existence of the basic facts is more probable than not* and unless they find the nonexistence of the presumed fact more probable than not, otherwise to find against the existence of the presumed fact.

(Emphasis added.)

This section means that the district court erred by failing to instruct the jury that it must first determine whether the letter was *mailed* before applying the presumption of *receipt*. A "basic fact" is simply a preliminary fact which must be found to exist before a presumption arises. Here, the "basic fact" is whether or not a letter was *mailed* to the Riveras. The judge, as a matter of law, or the jury, as a matter of fact, must find that this basic fact exists before the presumption of receipt arises. The "presumed fact" here is whether or not the Riveras *received* the letter. Reasonable minds would not necessarily agree whether or not agent Walford and his wife mailed the letter. Walford had no written proof of mailing of this particular letter, and the agent or his wife could have made a mistake. Additionally, testimony of non-*receipt* may raise an inference that the letter was not *mailed*. Oaks v. Motors Insurance Co., 595 P.2d 789, 792 (Okla. 1979). "Direct evidence" regarding whether the Riveras received the letter is the Riveras' own testimony that they did not receive the letter. Finally, reasonable minds would not necessarily agree that this direct evidence proves that the Riveras did not receive the letter. For all these reasons, NRS 47.220(3) applies to this case and the district court should have given the form of instruction mandated by that statute.

In summary, the evidence regarding whether the letter even was mailed was not conclusive. Under these circumstances, giving an instruction stating the presumption of receipt of a duly directed and mailed letter without instructing the jury first to determine whether the letter was mailed ran the risk of convincing the jurors that they were *required* to find that the letter was mailed. This is the risk which NRS 47.220(3) appears designed to avoid.

Despite the error in this instruction, the risk of juror confusion which NRS 47.220(3) seeks to prevent appears extremely low in this particular case. During both opening statements and closing arguments, counsel clearly informed the jury the mailed letter presumption applies only if the jury believes the letter was mailed. During his closing argument, the Riveras' counsel argued in some detail that American had failed to prove they mailed the letter. The Walford's testimony regarding the mass mailing appears credible and probably was considered and believed by the jury. For these reasons, we conclude that any violation of NRS 47.220(3) was insubstantial in its effect on the verdict, and that this error was harmless pursuant to NRCP 61. We stress, however, that curative arguments by counsel are no substitute for the proper instruction mandated by NRS 47.220(3).

We have carefully considered the Rivera's remaining assignments of error. We conclude that these assignments of error are either without merit or have been raised for the first time on appeal. This court will not consider issues raised for the first time on appeal. Cummings v. City of Las Vegas Municipal Corp., 88 Nev. 479, 482, 499 P.2d 650, 652 (1972).

For the reasons stated above, we hereby affirm the judgment of the district court.